## JUVENILE COURT WITHOUT JURISDICTION OVER CHILDREN OF PARENTS INVOLVED IN DIVORCE PROCEEDINGS.

Court of Appeals for Sandusky County.

CLEVELAND PROTESTANT ORPHAN ASYLUM ET AL v. HAZEL TAYLOR SOULE.

Decided, October 15, 1915.

*Jurisdiction—Juvenile Court Act—Does Not Deprive Common Pleas Court of Jurisdiction Over Children of Parents Involved in Divorce Proceedings—Continuing Jurisdiction of the Common Pleas Court.*

1. Sections 1647, 1648 and 8031, General Code, conferring on juvenile courts authority to determine cases involving delinquent, neglected and dependent children, do not supersede Section 11987, General Code, empowering common pleas courts to make orders for the disposition, care and maintenance of children of parents involved in divorce proceedings.

2. A court of common pleas, having made an order concerning the disposition of a minor child of parents involved in divorce proceedings, has continuing jurisdiction of such child, precluding a juvenile court from taking independent jurisdiction thereof. If the best interests of the child demand a change of custody the proper

procedure is by application to the common pleas court to modify its former order.

3. The principle, that the court first obtaining jurisdiction of a subject-matter retains exclusive jurisdiction and authority until final disposition, applies to jurisdiction of a dependent child, concerning which a common pleas court has made an order for the custody in divorce proceedings, and a juvenile court has no authority to make an order for the disposition of such child.

*W. J. Mead,* for plaintiffs in error.
*Kinney, O'Farrell & Rimelspach* and *E. C. Sayles,* contra.

RICHARDS, J.

This is a proceeding in habeas corpus brought in the court of common pleas to recover the custody of a child about eleven years of age. The court of common pleas granted the writ and error is prosecuted to that judgment. The case raises a very interesting question of jurisdiction as between the probate court and the common pleas court. No disputed matters of fact arise in the case. The important facts to be considered in determining the questions raised are simply, that in a divorce action pending between the father and mother of the child, the custody of the child had been awarded to the mother in the court of common pleas of this county on December 26, 1913. In pursuance of this decree of the common pleas court, the mother took and retained possession of the child. In May, 1914, proceedings were instituted in the probate court, acting as a juvenile court in this county, in which it was charged that the child was a dependent child by reason of the fact that it had not proper parental care and that its home was, by reason of neglect and depravity on the part of its parents, an unfit place for the child. On the trial in the juvenile court that court found and adjudged that the child was a dependent of about the age of eleven years, and that she was a ward of the court, and the court ordered that her custody be committed to the Cleveland Protestant Orphan Asylum, and that she be there cared for and educated until the further order of the court.

The authority vested by statute in the court of common pleas in an action for divorce is contained in Section 11987, General

Code, and empowers that court to make such order for the dis-
position, care and maintenance of the child, as is just.  The or-
der which was made in the court of common pleas antedates the
order in the juvenile court and was made in direct conformity
with the language of the statute.  It is said, however, that the
juvenile court law supersedes the order and decree made in the
court of common pleas.  The juvenile court proceeded under and
by virtue of the authority contained in Sections 1647, 1648 and
8031, General Code.  These sections confer ample authority upon
the juvenile court to consider and determine cases involving
questions of delinquent, neglected or dependent children.  The
later Section 8031, General Code, provides in substance, that,
when a parent, through vagrancy, negligence or misconduct, is
unable to support a minor child or neglects so to do, or habitu-
ally ill-treats such child, the probate court may issue a summons
requiring the parent to appear and answer the complaint and if
the court finds the complaint to be true and that it is for the
best interests of the child to be taken from the parent, it may
make an order to that effect and direct the placing of the child
in a suitable orphan asylum or children's home or with some
other benevolent society.  We do not, however, understand that
these sections operate to supersede the authority conferred on
courts of common pleas to make proper orders for the disposi-
tion, care and maintenance of the children of parents involved
in a divorce action before that court.  It has long been held
that the jurisdiction of the court of common pleas over the
children of parents so involved is a continuing jurisdiction, and
that the child becomes the ward of the court.  This child was
a ward of the court of common pleas prior to and at the time
the proceedings were brought in the juvenile court.  We think
that the statutes conferring authority on any court in such mat-
ters must be read as limited to children not already provided
for by some other court first having obtained jurisdiction.
*Hoffman* v. *Hoffman,* 15 Ohio St., 427; *Rogers* v. *Rogers,* 51
Ohio St., 1.

A similar question has been before the Supreme Court on
two recent occasions, the first being *In re Crist,* 89 Ohio St.,

33. In that case the probate court had appointed a guardian of the child after the decree awarding the custody of the child had been entered in the court of common pleas, and it was held that the child had become the ward of the court of common pleas and that the jurisdiction over its custody was a continuing jurisdiction and could not be affected by the subsequent appointment of a guardian in the probate court.

The question was again before the Supreme Court in the *Children's Home of Marion Co.* v. *Fetter,* 90 Ohio St., 110. In that case a delinquent child had become a ward of the juvenile court and had been committed to an institution under provisions of the General Code relating to that court. Thereafter proceedings in habeas corpus were brought by a parent of the child and it was held that the order of the juvenile court was effective and controlling and that the court assuming to take subsequent jurisdiction was without authority. This is but another enunciation of a principle of law that has been recognized from time immemorial, that the court first obtaining jurisdiction of the subject-matter retains exclusive jurisdiction and authority until final disposition, free from interference by any other tribunal. Of course, this principle has nothing to do with the question of convictions of minors for violations of any criminal statute. To hold differently than in accordance with the rule above stated would permit a defeated litigant, seeking the custody of a minor child in the common pleas court, to go immediately to the juvenile court and there re-litigate the question just determined in the common pleas court. It would be doing violence to known rules of procedure to assume that the General Assembly intended by the passage of the juvenile law to confer authority on the juvenile court to re-litigate matters already determined in another court, particularly in view of the fact that the orders as to the custody of children are continuing orders.

We see no reason why the order in the court of common pleas granting the custody of the child to the mother could not be modified in that court if conditions had so changed as to render such modification proper.

We call attention of counsel to the language of the Supreme Court in the closing paragraph of the opinon in *Bower* v. *Bower,* 90 Ohio St., 172. In that case the Supreme Court sustained the appealability of an order of the common pleas court determining the care, custody and maintenance of minor children, and in so doing affirmed the judgment of the circuit court and remanded the case to that court for such further orders from time to time, touching the custody and support of the children, as that court should deem just and proper.

We are entirely in accord with the eloquent tribute to the home as a place for rearing children, announced by Mr. Justice Brewer, found in *In re Bullen,* 28 Kan., 557. The only question, however, that is in this court is one as to the jurisdiction of the juvenile court under the circumstances disclosed in the record. The court of common pleas found that the order made in that court in the divorce case was unreversed and not modified and still in force, and that for this reason the juvenile court had no jurisdiction over the child as a dependent child. With that judgment we are in accord and the same will, therefore, be affirmed.

CHITTENDEN, J., concurs.


KINKADE, J.

I concur in the judgment of affirmance but I think it might well be placed on an additional ground than that mentioned in the opinion of Judge Richards, to-wit, that it is manifest in the record that the child in question is no longer a dependent child, if she were such at the time of the entry of the judgment of the juvenile court.