## STATE v OLDAKER

Ohio Appeals, 9th Dist, Summit Co

No 3006. Decided March 17, 1938

Alva J. Russell, Pros. Atty., Akron, and George Farr, Asst. Pros. Atty., Akron, for appellee.

Robert M. Wohlwend, Akron, and Gottwald, Breiding & Hershey, Akron, for appellant.

## OPINION

By WASHBURN, J.

The appellant, Lawrence Oldaker, was charged, in an affidavit filed in the Court of Common Pleas by Thelma Oldaker. with violating §1654, GC, by wilfully and unawfully contributing "toward the neglect of

Richard Oldaker, then and there a minor under the age of 18 years, to-wit, the age of 19 months," by refusing and neglecting to provide for and suport said minor, "he being the father of said minor child."

Upon trial he was convicted, and was sentenced to serve a period of six months in the county jail and to pay the costs of the prosecution. The court suspended the sentence "upon condition that the defendant support his minor child."

The affidavit charged that the appellant was the father of the minor child, and the circumstances are such that the appellant could not properly be found guilty unless it was proved that he was the father in fact or in law.

To establish that charge, the state introduced the testimony of Thelma Oldaker, who, without objection, testified that in April, 1935, she was keeping company with a young man by the name of Yergin; that during said month she had intercourse with him and became pregnant; that she continued to keep company with him until the middle of June, when the appellant, with whom she was acquainted but had never kept company, went with her to a show on two occasions, but that there was no intimacy between them; that the appellant asked her to marry him and she consented to do so, but informed him that she was pregnant and told him that said Yergin was the father of her unborn child; that she and appellant were married on July 1, 1935, and that she left him on July 2, 1935, which separation followed a visit by Yergin on the day of the separation, at which time there was an argument between Yergin and the appellant; that she then, in the presence of Yergin, said to appellant that she was leaving him and would never return to him; and that she never did return to appellant or offer to do so, but, on the contrary, on September 25, 1935, brought bastardy proceedings against Yergin, which were afterwards dismissed because she, being a married woman, could not maintain such proceedings, although Yergin admitted in open court that he was the father of her unborn child.

From her testimony, and from documentary evidence introduced on behalf of the state, it appears that appellant brought suit for divorce against Thelma Oldaker on October 10, 1935; that appellant was charged with abandoning Thelma Oldaker, a pregnant woman, on November 22, 1935; that her child was born on February 4, 1936; that the charge against appellant was dismissed in March, 1936; that a divorce on the ground that Thelma Oldaker had been guilty of gross neglect of duty and extreme cruelty toward appellant was granted to appellant on April 28, 1936; and that in the decree granting said divorce the Court found that Yergin was the father of said child and granted the exclusive custody and control of the same to the mother, Thelma Oldaker, and barred her from "any and all claims against" appellant "arising out of the marriage contract of said parties."

It is the claim of the state that, by the marriage of appellant to Thelma Oldaker, the appellant assumed the relationship of parent to said child, and is by law conclusively presumed to be its father; and that thereby the charge that he is the father of the child was sustained, and that in failing to support the child he committed a crime, for which he was subject to punishment.

Notwithstanding the language of the opinion in **Miller v Anderson, 43 Oh St 473,** we are of the opinion that ▮▮ the marriage under the circumstances shown by the evidence in the instant case does not give rise to a conclusive presumption that the appellant is in law the father of said child so as to render him criminally liable for failure to support the child.

What was said in the Miller case, supra, concerning the liability of the man who married a pregnant woman knowing her condition, was not said in a case seeking to enforce such liability, and in that case the marriage contract had been fully and completely performed by both parties, and the child was born in their home during their cohabitation; and that was a bastardy proceeding and not a criminal prosecution.

In the instant case the state proved that the mother, without any excuse or good reason therefor, separated from the appellant the day after the marriage and never returned or offered to return to him, and that the child was born about seven months thereafter; and that before this prosecution was brought the court terminated said marriage contract, and found and determined that the appellant was not the father of the child and did not charge him with its support.

This child was not conceived, nor in any true sense born, in wedlock, and a holding that the circumstances of this ▮▮ case do not give rise to a conclusive presumption of responsibility for support does not violate any principle of public policy relative to the marriage relation.

4 Wigmore on Evidence (2 ed.) Secs. 2063 and 2064.

Moreover, in the divorce suit the Court

had jurisdiction of the parties and the subject-matter, and considering the facts found by the Court and set forth in the decree, which facts are fully substantiated by the evidence in the instant criminal prosecution, we are of the opinion that, so far as criminal responsibility is concerned, the fact that the court made no order requiring the appellant to support the child then in being should be construed as releasing appellant from any such duty.

If marriage under any and all circumstances with knowledge of pregnant condition is conclusive as to responsiblity for support, it was the duty of the trial Court to make an order requiring appellant to suport said child; and the fact that no such order was made indicates that the trial Court found that the facts and circumstances relative to the marriage were not such as to justify the making of such order, and, as we have already said, we are of the opinion that the trial court in the divorce case was justified in so concluding.

If the court had in that decree expressly released the appellant from liability to support the child, such decree would protect the appellant from criminal prosecution by the mother for failure to support the child. Rowland v State, 14 Oh Ap, 238.

A judgment may be entered reversing the judgment and sentence of the trial Court because it is contrary to law, and ordering the appellant discharged.

STEVENS, PJ, and DOYLE, J, concur in judgment.