McFADDEN, APPELLEE, *v.* KENDALL, APPELLANT.

(No. 148—Decided August 1, 1946.)

Mr. *Paul O. Boesel,* for appellee.
Mr. *A. A. Klipfel,* for appellant.

MIDDLETON, P. J.  This case is in this court on appeal from the Court of Common Pleas of Auglaize county.

There is no dispute as to the facts.

The Court of Common Pleas, in June 1939, in a divorce action awarded custody of a minor child to the mother, Carmen Maize, now Carmen McFadden, the plaintiff in this action.  Thereafter, in 1941, Mary E. Kendall, the maternal grandmother of the minor child, filed an action in the Juvenile Court of Auglaize county, charging that the minor was a dependent child.  In that action the plaintiff herein filed the following designated waiver, to wit:

"I, the undersigned, Carmen Boyd McFadden as

the mother of William *Maize,* a minor do by these presents hereby waive the *issuing* of service of notice on me in the above entitled cause and I do by these presents consent to the application herein filed in this cause and confer upon the court jurisdiction for all purposes in the premises, and do consent to the immediate rendition of a decree in the matter of the custody, control and care of the said William *Maize.*

"Carmen McFadden."

The Juvenile Court, on hearing, found the child to be dependent, within the meaning of the Code, and placed him in the custody of the grandmother, Mary E. Kendall, defendant herein and mother of plaintiff, Carmen McFadden.

Thereafter, in April 1946, the mother filed a petition in *habeas corpus* in the Court of Common Pleas of Auglaize county to obtain custody of the minor. The court, on hearing, granted the writ, and it is from that order that appeal is taken to this court.

The case involves the question of jurisdiction between the Court of Common Pleas and the Juvenile Court.

The jurisdiction of the Court of Common Pleas to award custody of children in divorce actions is contained in Section 11987, General Code, which provides as follows:

"The granting of a divorce and dissolution of the marriage in nowise shall affect the legitimacy of children of the parties thereto. The court shall make such order for the disposition, care and maintenance of the children, if any, as is just. * * *"

The jurisdiction exercised by the Juvenile Court in awarding the custody of the child to the grandmother is found in Sections 1639-7 and 1639-16, General Code, enacted in 1937, which read, in part, as follows:

"Sec. 1639-7. The Juvenile Court, or Court of Common Pleas, Division of Domestic Relations of any county, separately and independently created, established and functioning as such by law, shall have and exercise the powers and jurisdiction conferred in this chapter. Except in counties in which there now is, or may hereafter be created, a separate and independent Juvenile Court or Court of Domestic Relations, there is hereby established and created within the Probate Court, a Juvenile Court, presided over by the probate judge, which shall be a court of record, and which shall exercise such powers and jurisdiction. * * *"

"Sec. 1639-16. (a) The court shall have exclusive original jurisdiction under this chapter or under other provisions of the General Code:

"1. Concerning any child who is (1) delinquent, (2) neglected, (3) dependent, or (4) crippled.

"2. To determine the custody of any child not a ward of another court. * * *" (117 Ohio Laws, 524.)

It is claimed by the plaintiff that the jurisdiction thus conferred on the Juvenile Court does not supersede the authority granted the Common Pleas Court under Section 11987, General Code, and that the Court of Common Pleas, having first acquired jurisdiction over the minor in the divorce action, retains jurisdiction to the exclusion of the exercise of jurisdiction by the Juvenile Court.

The court has carefully considered the cases cited by counsel in their briefs. All these cases hold that the court first acquiring jurisdiction over the custody of a minor retains jurisdiction to the exclusion of all other courts. However, upon an examination of these cases we find none of them, with the exception of the case of *Cleveland Protestant Orphan Asylum* v. *Soule,* 5 Ohio App., 67, decided in 1915, involves more than

custody, and none of them, with this one exception, involved a minor charged with being a delinquent, neglected, dependent, or crippled child under the Juvenile Court Code. Also, all the cases cited were decided prior to 1937 when the present Juvenile Court Code, in force at the time this case was decided, was enacted. Prior to the 1937 amendment of the Juvenile Court Code the Court of Common Pleas and the Juvenile Court had concurrent jurisdiction.

This court does not approve the holding in the *Soule case* but the reasoning of the court in that case could not apply in the present case in view of the change in the Juvenile Court Code since the case was decided.

By the provisions of Section 1639-16, General Code, the Juvenile Court is granted *exclusive original jurisdiction* (1) concerning any child who is dependent, and (2) to determine the custody of any child not a ward of another court.

It is urged by the plaintiff that under this latter provision the Juvenile Court has jurisdiction to determine the custody of a child only if such child is not a ward of another court, and that the provision of this subsection is a limitation of the jurisdiction granted to the Juvenile Court over dependent, neglected, delinquent, or crippled children.

With this view we can not agree.

Such a construction is not supported by a study of the section. On the contrary, the only fair construction which can be given is that subsection 2 of Section 1639-16, General Code, is a grant of jurisdiction and not a limitation of jurisdiction.

The jurisdiction over minors, acquired by the Common Pleas Court in a divorce action, is a continuing jurisdiction and, as between the parties to a divorce action, no other court has authority to make any order affecting the custody of such minors. But

where a child is properly charged with being a delinquent, neglected, or dependent child, and is proven to be such, the state has a paramount right, in the interests of the child, to say who shall have the care, custody and control of the child, and the Juvenile Court, by the enactment of Section 1639-16, General Code, has been made the special and exclusive tribunal for determining such issue.

Taking this view of the case, we find error in that the judgment of the Court of Common Pleas is contrary to law.

The judgment is therefore reversed and the court, proceeding to render the judgment the Common Pleas Court should have rendered, dismisses the petition of plaintiff and enters final judgment for defendant.

*Judgment for defendant.*

Jackson, J., concurs.

Guernsey, J., dissenting. Sections 1639-7 and 1639-16, General Code, are sections of the Juvenile Court Code, now designated as Sections 1639-1 to 1683-33, inclusive, General Code.

The Juvenile Court Code contains detailed provisions for the exercise by the Juvenile Court of the jurisdiction conferred upon it concerning any child who is delinquent, neglected, dependent, or crippled.

Section 1639-30 specifically authorizes the court, upon finding that a child is delinquent, neglected, dependent, or otherwise within the provisions of the Juvenile Court Code, to place such child on probation or under supervision of its own home or in the custody of a relative or other fit person, upon such terms as the court shall determine.

There are no provisions of the Juvenile Court Code

or of the Probate Court Code concerning the exercise by the Juvenile Court of the jurisdiction apparently conferred upon it by subsection 2 of Section 1639-16, General Code, to determine the custody of any child not a ward of another court, or prescribing any class or classes of cases upon which such jurisdiction may operate. Nor are there any class or classes of cases prescribed in the General Code upon which such apparent grant of jurisdiction may operate. Nor are there any conceivable class or classes of cases upon which such apparent grant of jurisdiction may operate.

The effect of Sections 8032, 8033 and 8034, General Code, prescribing, among other things, that when parents are living separate and apart from each other, or are divorced, and the question as to the care, custody and control of the offspring of the marriage is brought before a court of competent jurisdiction in this state, the parents shall stand upon an equality as to the care, custody and control of such offspring, so far as it relates to their being father or mother, and further prescribing the rules applicable to awarding such care, custody and control, is to abrogate the rules of the common law giving the husband a superior right to custody. Such sections are applicable only to the award of the care, custody and control of the children of the parents in cases for alimony only, as prescribed in Sections 11997 and 11998, General Code, and in cases of divorce, as prescribed in Section 11987, General Code.

If subsection 2 of Section 1639-16, General Code, apparently conferring exclusive jurisdiction on the Juvenile Court to determine the custody of a child not the ward of another court, is construed to be a grant of jurisdiction and not a limitation on the jurisdiction conferred in subsection 1 of the section, it would be necessary in every case where the hus-

band and wife were separated and not divorced and there were offspring of such marriage, for the parent seeking custody of such children, and either alimony or divorce, to have the custody of the children determined by the Juvenile Court, and then in a separate action in the Common Pleas Court have the support of such children, and either alimony, or divorce and alimony, decreed.

In the absence of definite statutory provisions to this effect it is impossible to conceive that this was the legislative intent in the enactment of this subsection.

As there is no class or classes of cases upon which the jurisdiction apparently conferred on the Juvenile Court by this subsection may operate, it is impossible to construe it as a grant of jurisdiction. To do so would make the subsection wholly meaningless.

"Every part of a statute must be viewed in connection with the whole, so as to make all its parts harmonize, if practicable, and give a sensible and intelligent effect to each. It is not presumed that the legislature intended any part of a statute to be without meaning." 2 Lewis' Sutherland Statutory Construction (2 Ed.), 919.

As a subsection does not 'constitute a grant of jurisdiction, to give it effect it must be construed as a limitation of the jurisdiction conferred by subsection 1 of Section 1639-16, General Code. So construed, jurisdiction is conferred on the Juvenile Court concerning any child who is (1) delinquent, (2) neglected, (3) dependent, or (4) crippled, to be exercised in the manner prescribed by the Juvenile Court Code, but limited by such subsection 2 to the determination of the custody of a child only in cases where the child is not a ward of another court. Such determination does not preclude the Juvenile Court, upon finding

that a child is delinquent, neglected, dependent, or otherwise within the provisions of the Juvenile Court Code, from proceeding as provided in Section 1639-30, General Code, except that in cases coming within the limitation mentioned the court is without jurisdiction to place the child in the custody of a relative, or other fit person, as prescribed in subsection 1 of Section 1639-30, General Code, or to commit such child to a private institution or agency incorporated under the laws of the state, approved by the State Department of Public Welfare, and authorized to care for children or place them in suitable family homes, as prescribed in subsection 2 of Section 1639-30, General Code.

At the time of the decision in the case of *Cleveland Protestant Orphan Asylum* v. *Soule,* 5 Ohio App., 67, decided in 1915, there was no statutory provision similar to subsection 1 of Section 1639-16, General Code, conferring jurisdiction on either the Juvenile Court or Common Pleas Court. This subsection was added to the statutes conferring jurisdiction on the Juvenile Court, in 1937, after the decision in the *Soule case.* It is probable that the Legislature enacted this subsection having in mind the law as established by this case and making it statutory.

The law as established by the *Soule case* is, in my opinion, incorrect, as the decision in the *Soule case* is based on a holding of the Supreme Court to the general effect that where a husband and wife are divorced and the Court of Common Pleas granting the divorce also awarded the custody and control of the children of the marriage to either of the parents, such children become the wards of that court, and the jurisdiction of that court over their custody and control is a continuing jurisdiction, and such decree for the custody and control of the minor children cannot, as between the parties, be affected by the appoint-

ment of a guardian by a Probate Court, nor does any other court, by a proceeding in *habeas corpus,* acquire any jurisdiction other and further than to enforce the decree so rendered.

It will be noted that the holdings of the Supreme Court, relied on in the decision in the *Soule case,* apply only to changes in custody of children through guardianship proceedings, or by way of proceedings in *habeas corpus,* and that none of the decisions upon which the decision in the *Soule case* is based, in any way relate to the jurisdiction of the Probate Court, acting as a Juvenile Court, to award the custody of a minor child in dependency proceedings properly instituted before it, where the custody of such child had previously been awarded by a Common Pleas Court in a divorce case pending before it, and consequently that none of the decisions upon which the decision in the *Soule case* is based support the decision of the court.

It would appear clear that as dependency proceedings in Juvenile Court are on behalf of the state and the paramount issue in the same is the welfare of the child, an action in the Common Pleas Court determining the custody of the child, as between the parents, should not have precluded the Juvenile Court from exercising its jurisdiction to determine the custody as a remedy in dependency proceedings.

But be that as it may, the amendment of the statutes relating to the jurisdiction of the Juvenile Court, by the enactment of subsection 2 of Section 1639-16, General Code, precluded the Juvenile Court from awarding the custody of the minor child of Carmen Maize McFadden the plaintiff herein, to Mary E. Kendall the maternal grandmother of the minor child, and the Common Pleas Court did not err in so holding and its judgment, in my opinion, should be affirmed .