WHITECOTTON, APPELLANT, *v.* WHITECOTTON, APPELLEE.

(No. 4882—Decided December 12, 1955.)

*Mr. M. J. Britz* and *Mr. A. M. Steinberg,* for appellant.
*Mr. Chester R. Early,* for appellee.

DEEDS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas, Division of Domestic Relations, of Lucas County. The plaintiff, appellant, will be referred to herein as the plaintiff, and the defendant, appellee herein, as the defendant, as the parties appeared in the trial court.

The case was presented in the trial court upon the petition of the plaintiff, the amended answer and cross-petition of the defendant and the reply of the plaintiff. The petition of the

plaintiff is for a divorce. The cross-petition of the defendant is for a divorce, alimony and for the support of a minor son, and, also, presents as an issue the paternity of the child.

Omitting the formal allegations of the petition, the plaintiff alleges that "there are no children born as the issue of said marriage" and, further, that defendant has been guilty of gross neglect of duty and willful absence; and the prayer of the petition is for a divorce and further relief as is just and equitable.

The defendant, by her amended answer, admits the marriage as alleged and the formal allegations relating to the residence of the plaintiff and denies that she has been guilty of gross neglect of duty or willful absence and, specifically, that there have been no children born as the issue of the marriage.

Defendant alleges further in her amended answer "that she advised him from the outset that he is the father of their child and is responsible for her pregnancy, which resulted in the birth of their son, Timothy Whitecotton, on the 18th day of August, 1954."

Defendant denies all other allegations contained in the petition.

By her cross-petition, omitting the formal allegations thereof, the defendant alleges in a first cause of action that plaintiff has been guilty of gross neglect of duty, that defendant has been compelled to seek employment for the purpose of providing food and clothing for herself, and that plaintiff has spent his earnings in drinking, gambling and in company with other women and has frequently remained away from their place of residence for several nights in succession without advising defendant concerning his absence.

In a second cause of action, defendant alleges that plaintiff has been guilty of extreme cruelty, in that plaintiff had an antisocial disposition, and, in substance, defendant alleges further that by plaintiff's conduct and attitude toward her, plaintiff has caused her to suffer embarrassment, worry and mental anguish, and further, that, upon being advised by the defendant that she was pregnant, the plaintiff commenced the action for divorce against her.

By the prayer of her cross-petition, the defendant prays

for a divorce, custody of the infant son, support and maintenance for the child, alimony and other and further relief to which she may be entitled in law or equity.

By his reply to the answer and cross-petition of the defendant, the plaintiff admits the marriage and denies all other allegations contained in defendant's answer and cross-petition "not herein admitted to be true."

That part of the journal entry recording the judgment of the trial court, deemed pertinent by this court in a consideration and determination on this appeal, is as follows:

"The court further finds that the plaintiff is guilty of gross neglect of duty, beginning soon after marriage, as the cause of their living separate and apart. The court further finds that there has been misconduct on the part of the defendant.

"The court further finds the testimony fails to establish by the proper degree of proof, either that the plaintiff is or is not the father of said minor child. The court finds that neither party is entitled to a divorce as prayed for. The court finds that the defendant is entitled to alimony as prayed for in her amended cross-petition. It is, therefore, ordered, adjudged and decreed upon the above findings that both the plaintiff and the defendant be denied a divorce. It is further ordered, adjudged and decreed that plaintiff pay to the defendant as alimony the sum of ten dollars per week, beginning June 11, 1955, and continuing for a period of ten years, or until defendant remarries, whichever is the shorter.

"It is further ordered, adjudged and decreed that no decree be made relative to the maintenance and support of said minor child. The court makes no order as to the parenthood of said minor child, and all matters pertaining to said minor child are transferred to the Juvenile Court for further proceedings."

It is undisputed that the parties were married on July 22, 1951, and that they lived and cohabited together as man and wife until July 7, 1952, at which time they separated and thereafter lived at separate places of residence until some time in the month of December 1952, when they were reunited and continued to live together until they separated again on March 17, 1953, after which the plaintiff filed his petition for a divorce on February 1, 1954.

It is disclosed by the record, and not disputed, that the infant son was born on August 18, 1954, during the lawful wedlock of the parties.

It is disclosed by a consideration of the evidence in the record relating to the issue of paternity, that the parties were living at separate places of residence when the child was conceived. Nevertheless, there is also evidence in the form of testimony in the record that the parties met frequently, slept together during the time of their separation and had sexual intercourse on a number of occasions and at various times, as a result of which the child may have been conceived, notwithstanding the parties were residing at separate places of residence.

The plaintiff denies that he had sexual intercourse with the defendant during the time of their separation and contends that he is not the father of the child, although there is no direct evidence in the record that defendant had sexual intercourse with any other person.

In further support of his contention that he is not the father of the child, the plaintiff called a qualified expert as a witness, who testified that he made blood tests in accord with a recognized and accepted method for excluding the plaintiff as the father of the child, and that as a result of those tests the plaintiff can not be the father of the child.

It should be noted that the trial court found the plaintiff guilty of gross neglect of duty and ordered that plaintiff pay alimony to the defendant in weekly installments, to continue for a period of ten years. The court found, in reference to the issue of paternity, according to the judgment entry, a portion of which has been quoted above, that "the testimony fails to establish by the proper degree of proof, either that the plaintiff is or is not the father of said minor child" and ordered further "that no decree be made relative to the maintenance and support of said minor child." The court determined further "that the court makes no order as to the parenthood of said minor child, and all matters pertaining to said minor child are transferred to the Juvenile Court for further proceedings."

It is the established law in this state that a child conceived during the existence of a lawful marriage is presumed to be a

procreation of the husband and wife and is, therefore, legitimate.

In *Powell* v. *State, ex rel. Fowler,* 84 Ohio St., 165, 95 N. E., 660, 36 L. R. A. (N. S.), 255, the rule of law applicable has been stated by the Supreme Court in the first paragraph of the syllabus:

"Every child begotten in lawful wedlock is presumed in law to be legitimate."

In our view, the law of the state pertinent in a consideration of the evidence contained in the record now before this court, relevant to the issue of paternity, has been announced by the Supreme Court in *State, ex rel. Walker,* v. *Clark,* 144 Ohio St., 305, 58 N. E. (2d), 773, as follows:

"2. A child conceived during the existence of a lawful marital relation is presumed in law to be legitimate—a procreation of the husband and wife.

"3. Such presumption is not conclusive and may be rebutted by evidence, which must be clear and convincing, that there was no sexual connection between husband and wife during the time in which the child must have been conceived. (Paragraph two of the syllabus in the case of *Powell* v. *State, ex rel. Fowler,* 84 Ohio St., 165, overruled.)

"4. On the trial of a bastardy proceeding instituted by an unmarried woman whose child was conceived during the existence of a prior marital relation, plaintiff, to establish the nonpaternity of her former husband, may call as a witness a qualified expert who may be permitted to testify that the findings and result of a standard and recognized blood-grouping test made by him from the blood of plaintiff, the child, and her former husband, excluded the former husband as the father of the child.

"5. The findings and result of such blood-grouping test admitted in evidence are not conclusive of nonpaternity, but may be considered for whatever weight they may have in proving that fact."

See, also, *State, ex rel. Freeman,* v. *Morris,* 156 Ohio St., 333, 102 N. E. (2d), 450; *State, ex rel. Slovak,* v. *Holod, Jr.,* 63 Ohio App., 16, 24 N. E. (2d), 962.

We hold, therefore, that the finding of the trial court, that

the evidence was insufficient to prove that the plaintiff was not the father of the child, was a determination, in effect, that the child was conceived by the parties as husband and wife, and that, by reason of such determination, it became the duty of the court to make an order for the disposition, care and maintenance of the child. The duty imposed upon the trial court in cases involving divorce and alimony, where there are children involved which are the issue of the marriage relation, is determined by the provisions of Sections 3105.21 and 3109.04 of the Revised Code.

Section 3105.21, Revised Code. "Upon satisfactory proof of any of the charges in the petition for divorce or for alimony, the Court of Common Pleas shall make such order for the disposition, care, and maintenance of the children of the marriage, as is just, and in accordance with Section 3109.04 of the Revised Code."

Section 3109.04, Revised Code. "Upon hearing the testimony of either or both parents, corroborated by other proof, the court shall decide which of them shall have the care, custody, and control of the offspring, taking into account that which would be for their best interest, except that if any child is fourteen years of age or more, it may be allowed to choose which parent it prefers to live with, unless the court finds that the parent so selected is unfitted to take charge. The provisions permitting a child to choose the parent with whom it desires to live shall apply also to proceedings for modification of former orders of the court fixing custody. If the court finds, with respect to any child under eighteen years of age, that neither parent is a suitable person to have custody it may commit the child to a relative of the child or certify a copy of its findings, together with so much of the record and such further information, in narrative form or otherwise, as it deems necessary or as the Juvenile Court requests, to the Juvenile Court for further proceedings, and thereupon the Juvenile Court shall have exclusive jurisdiction. This section applies to actions pending on August 28, 1951."

The foregoing provisions of the law relating to the disposition which the trial court was required to make concerning the child in the case now before us have been interpreted in a

number of cases by reviewing courts in the state. See, *Miero-witz* v. *Mierowitz,* 71 N. E. (2d), 526; *Selby* v. *Selby,* 69 Ohio Law Abs., 257, 124 N. E. (2d), 772; *McFadden* v. *Kendall,* 81 Ohio App., 107, 77 N. E. (2d), 625; *In re Lorok,* 93 Ohio App., 251, 114 N. E. (2d), 65.

The rule of law applicable generally is stated by the Supreme Court in *Bower* v. *Bower,* 90 Ohio St., 172, at page 174, 106 N. E., 969, as follows:

"Where a divorce is granted, or where alimony is allowed to the wife for her separate maintenance, it is the duty of the court to make such order for the disposition, care and maintenance of the minor children of such marriage, if any, as is just, regardless of whether such question is presented by the pleadings or not."

We have considered the assignment of errors presented by the defendant and, in passing upon them, determine that the trial court was in error in failing to make an order in compliance with the mandatory requirement of Section 3105.21, Revised Code, for the disposition, care and maintenance of the child, and that, therefore, the judgment to that extent is reversed and the cause remanded for a new trial for a determination by the court of the legal status, and for the future care, custody and maintenance, of the child.

We have examined the assignment of errors filed and presented on behalf of the plaintiff and find that same are not supported by the record.

We determine further that the findings of the trial court that the plaintiff has been guilty of gross neglect of duty and that the defendant is entitled to alimony are not manifestly against the weight of the evidence, and that, therefore, the judgment of the Court of Common Pleas, Division of Domestic Relations, in requiring the plaintiff to make payments as alimony, is affirmed.

*Judgment accordingly.*

CONN and FESS, JJ., concur.