GUSTIN, A MINOR, APPELLEE, *v.* GUSTIN, A MINOR, APPELLANT.

(No. 2470—Decided September 19, 1958.)

Mr. *John E. Cumming,* for appellee.
Mr. *Herbert M. Eikenbary,* for appellant.

CRAWFORD, J. The plaintiff wife, appellee herein, obtained a decree of divorce against the defendant husband, appellant herein, which decree ordered defendant to support the minor child. Defendant contends that this order is contrary to law.

The facts are simple and undisputed. Prior to marriage, plaintiff informed defendant that she was pregnant by another. Nevertheless, the parties married on November 5, 1955, and the child was born during the marriage.

Thereafter, on May 16, 1957, plaintiff began her action for divorce. The decree was granted, and the order complained of was made on February 28, 1958.

Defendant recognizes the principle established by the case of *Miller* v. *Anderson,* 43 Ohio St., 473, 3 N. E., 605, 54 Am. Rep., 823, as the lodestar on this subject. The first two paragraphs of the syllabus read:

"1. The natural father of a child can not be held for its support, under the statutes of this state, if the mother, after the child was begotten, and during pregnancy, contracts a marriage with another man, who marries her with full knowledge of her condition.

"2. By such marriage, the man so marrying, consents to stand in *loco parentis* to such child, and is presumed in law to be the father of the child, and this presumption is conclusive."

Defendant contends that there have been philosophical changes in the law which would mitigate his burden. Yet none of the cases cited or known to the court has overturned the basic concepts upon which the present order for support is based.

*Whitecotton* v. *Whitecotton,* 103 Ohio App., 149, 144 N. E. (2d), 678, was a divorce case in which the wife alleged, and the husband denied, his paternity of a child conceived during wedlock. The essence of the decision (page 153) is:

"We hold, therefore, that the finding of the trial court, that the evidence was insufficient to prove that the plaintiff was not the father of the child, was a determination, in effect, that the child was conceived by the parties as husband and wife, and that, by reason of such determination, it became the duty of the court to make an order for the disposition, care and maintenance of the child."

*State, ex rel. Walker,* v. *Clark,* 144 Ohio St., 305, 58 N. E. (2d), 773, was a bastardy action. The child was conceived while complainant was married to a husband from whom she was divorced before instituting the bastardy action. The sixth paragraph of the syllabus reads:

"In a case of this kind, it is incumbent on plaintiff to prove by clear and convincing evidence that the child is not attributable to her former husband. If she does, the issue of the guilt of the accused under the bastardy complaint may be resolved against him by a preponderance of the evidence."

*Powell* v. *State, ex rel. Fowler,* 84 Ohio St., 165, 95 N. E., 660, 36 L. R. A. (N. S.), 255, was an action in bastardy wherein the first paragraph of the syllabus reads:

"Every child begotten in lawful wedlock is presumed in law to be legitimate."

The second paragraph of the syllabus in the *Powell case* declared that, before such a child could be adjudged a bastard, proof of the husband's nonpaternity must be "clear, certain and conclusive," but it was overruled by *State* v. *Clark, supra* (144 Ohio St., 305), which held that such proof must be simply "clear and convincing."

Perhaps the case which comes closest to being contrary to *Miller* v. *Anderson* is *State* v. *Oldaker,* 28 Ohio Law Abs., 495. Yet the decision in that case carefully and effectively distinguishes it from *Miller* v. *Anderson* (page 496, column two).

*State, ex rel. Sprungle,* v. *Bard,* 59 Ohio Law Abs., 129, 98 N. E. (2d), 63, is very similar to *State* v. *Clark, supra.*

Defendant apparently stakes his hope upon what he contends is a mellowing judicial tendency. We can fully appreciate his sense of hardship. But it must be remembered that he has voluntarily taken this burden upon himself. The basic philosophy of *Miller* v. *Anderson, supra* (43 Ohio St., 473), which determines this case, constitutes a landmark which remains unchanged by subsequent decisions. That principle is, not that the husband must be regarded as the biological father, but that he has elected to put himself *in loco parentis* and thus legitimate the child who cannot thereafter be bastardized by divorce.

The opinion (*Miller* v. *Anderson*) contains this language at page 480 (43 Ohio St.):

"If another man, not the father of the unborn child, elects to stand *in loco parentis* to the child, the law will esteem such man as the father; that one who marries a woman that he knows to be *enciente* is regarded in law as adopting the child into the family at its birth; that he could not expect the mother to dis-

card it or abandon it at its birth, or refuse it nurture or maintenance, and that the child, so receiving nurture and support, must necessarily become one of the family of the wife, which would also be of the family of the husband; that this understanding must necessarily enter into the marriage contract of the husband and wife, and when this relation is established the law raises a conclusive presumption that the husband is the father of such child.

"'* * *

"And this rule, as announced, is established upon obvious principles of public policy and decency. This child was born in 1865. The husband had prior thereto condoned the wife's offense, and by taking her in marriage, with full knowledge of her condition, adopted her child on its birth into his family, and, even if he was not its natural father, consented to stand in law as such, with all the rights and responsibilities of a father in fact.''

By the marriage the defendant husband deprived the plaintiff wife of the right to institute bastardy action against the natural father, Section 3111.01, Revised Code; *Miller* v. *Anderson, supra.* He himself has voluntarily assumed the burden instead, thereby profoundly altering the status, rights and responsibilities of others. He must, therefore, continue to meet his obligation, onerous as it may now seem to him.

The judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and WISEMAN, J., concur.