**Lillian Carol TYLER, Plaintiff-Appellee,**

v.

**Darwin Keith TYLER, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

Feb. 24, 1984.

Permission to Appeal Denied by Supreme Court May 21, 1984.

Robert L. Callis, Mount Juliet, for defendant-appellant.

Jerry D. Hunt, Lebanon, for plaintiff-appellee.

## OPINION

CONNER, Judge.

This case involves a belated effort by the defendant-appellant, Darwin Keith Tyler, to be relieved of child support payments based on a claim that he is not the natural father of the child.

In May of 1980, plaintiff-appellee, Lillian Carol House Tyler,[1] was granted an absolute divorce from Mr. Tyler on grounds of irreconcilable differences. The final decree incorporated a settlement agreement that gave custody of the minor child, Christopher Keith Tyler, then age 4, to Mrs. Tyler. That agreement, as incorporated in the decree, provides:

4. It is agreed between the parties that the Plaintiff, being a fit and proper person, shall have the care, custody, and control of the minor child born of this marriage, Christopher Keith Tyler, subject to reasonable visitation rights on the part of the Defendant.

5. It is agreed between the parties that the Defendant shall pay to the Plaintiff for the maintenance and support of the minor child born of this marriage, Christopher Keith Tyler, the weekly sum of Fifty Dollars ($50.00).

Thus, Mr. Tyler assented to language in the settlement agreement and the divorce decree that the minor child was "born of this marriage." The defendant received visitation rights and agreed to pay plaintiff $50.00 per week for support of the child.

A little more than two years after the divorce, Mrs. Tyler petitioned the court for further relief based on the fact that Mr. Tyler was in arrears in the child support. The defendant, who was nearly eight months behind in payments at the time, answered and counter-claimed asserting that he was not the father of the child and seeking to be relieved of any responsibility for future support.

It is undisputed that Mr. Tyler is not the natural father of the minor child. In fact, the record is clear that Mrs. Tyler was pregnant with Christopher prior to her marriage to the defendant and that Mr. Tyler knew the identity of the real father well in advance of the marriage. Although some family members and friends knew Mr. Tyler was not the natural father, he generally treated the child as his own son during the marriage and, at least to some extent, exercised visitation rights after the divorce.[2]

Following a hearing on various motions pending before the court, the trial judge dismissed the counterclaim and found Mr. Tyler to be in arrears in child support payments in the amount of $2,010.00. The trial court found that the issue of paternity

---

1. Hereinafter the parties will be referred to as in the trial court or by their names as abbreviated.

2. In fact, Mr. Tyler stated that he lived with Mrs. Tyler and Christopher off and on for about a year after the divorce.

had been settled in the original divorce decree and could not now be relitigated; further, that Mr. Tyler had failed to seek relief based on fraud, mistake, misrepresentation or any other ground specified in T.R.C.P. § 60.02(1) and (2) within one year as required by the rule. The court also found that the defendant had failed to present justification for relief under any of the other provisions of T.R.C.P. § 60.02.

Mr. Tyler has presented two issues for review. They are:

1. Did the Trial Court commit reversable (sic) error in determining that the doctrine of res judicata prevents Defendant from litigating the issue of paternity in these proceedings?

2. Was sufficient proof submitted to the Court to justify the granting of relief to Defendant under the provisions of T.R.C.P. 60.02(5)?

We find that this case may be disposed of without necessarily reaching the questions raised by Mr. Tyler. Even if there were no procedural obstacles to impede Mr. Tyler's quest for relief, our substantive law on the issue of paternity would dictate the result reached in the trial court.

■ This court continues to apply the common law rule that a husband who, at the time of marriage, has knowledge that his wife was pregnant by another man is responsible for support of the child. In *Whitley v. Whitley* (Tenn.App. filed Jan. 21, 1981, at Nashville), Judge Todd quoted with approval from *State v. Shoemaker*, 62 Iowa 343, 17 N.W. 589 (1883):

> One who marries a woman known by him to be *enceinte* is regarded by the law as adopting into his family the child at its birth. He could not expect that the mother upon its birth would discard the child and refuse to give it nurture and maintenance. The law would forbid a thing so unnatural. The child receiving its support from the mother, must of necessity become one of her family, which is equally the family of the hus-

band. The child, then, is received into the family of the husband, who stands as to it *in loco parentis*. This being the law, it entered into the marriage contract between the mother and the husband. When this relation is established the law raises a conclusive presumption that the husband is the father of his wife's illegitimate child.

*Whitley* at 6, quoting *Shoemaker*, 17 N.W. at 589–90. *See also Gustin v. Gustin*, 108 Ohio App. 171, 161 N.E.2d 68 (1958), cited in *Whitley* at 7.

■ Although this court in *Whitley* recognized that there are authorities to the contrary, we found the "better rule" to be that a husband may be required to support a child conceived by another man where the husband was aware of the pregnancy prior to marriage. We agreed with the conclusions of the *Gustin* court that a father is estopped to deny his obligation "because, by his marriage and assumption of position in loco parentis, he had profoundly altered the status, rights and responsibilities of others, in particular the right of the child to support from the natural father." *Whitley* at 7. In short, we agreed with the "conclusive presumption" rationale in *Shoemaker*. We here reiterate that agreement.[3]

■ This being the state of the law, no relief would be available to Mr. Tyler even if we found in his favor on the issues raised in his brief. Nevertheless, lest there be any question about the appropriate result in this case, we further find that the trial court acted properly in holding that the previous divorce decree was *res judicata* as to the paternity issue and that relief under T.R.C.P. § 60.02(5) is not available.

As for the *res judicata* question, Mr. Tyler urges that the issue of paternity was not actually litigated in the trial court. Perhaps there would be some merit to this assertion if we were to rely only on the form language in the complaint listing Christopher under the heading "Children

---

**3.** As in the *Shoemaker* case, this presumption applies to the question of support and would not prevail in issues involving heirship and inheritance. *See Shoemaker*, 17 N.W. at 590.

This Marriage." However, such is not the case here. Mr. Tyler himself signed a settlement agreement stating that Christopher was "the minor child born of this marriage" even though his certain knowledge was to the contrary. Further, Mr. Tyler agreed to pay child support and assented to custody being vested in Mrs. Tyler "subject to reasonable visitation rights on the part of Defendant." Since the divorce was uncontested and the settlement agreement was incorporated into the final decree, the issue of paternity was "litigated" to the same extent any other aspect of the case was "litigated." We hold that the doctrine of *res judicata* was properly applied.

■ Finally, we agree with the trial court that this is not a proper case for the extraordinary relief from a final judgment afforded by subsection (5) of the T.R.C.P. § 60.02. That rule provides in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

The exception in T.R.C.P. § 60.02(5) has been construed very narrowly by Tennes-

see courts. *Gaines v. Gaines*, 599 S.W.2d 561 (Tenn.App.1980). In *Gaines*, it was noted that Tennessee had recognized only two applications of the rule—one limited to certain workers' compensation cases [4] and the other derived from federal law in cases of "extraordinary circumstances or extreme hardship." [5] *Gaines*, 599 S.W.2d at 564.

In *Magnavox Co. of Tennessee v. Boles & Hite Construction Co.*, 583 S.W.2d 611 (Tenn.App.1979), this court cited with approval the following passage from 11 Wright & Miller, *Federal Practice and Procedure*, § 2864:

The broad power granted by [the F.R. C.P. parallel to 60.02(5)] is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.

583 S.W.2d at 613.

The above language was recently cited with approval by the Tennessee Supreme Court in *Cain v. Macklin*, 663 S.W.2d 794 (Tenn.1984). Thus, even if we were to agree that this case somehow fits within the very narrow construction given to T.R. C.P. § 60.02(5), we believe it would still be inappropriate to relieve Mr. Tyler of his "free, calculated, and deliberate choice" in signing the settlement agreement, in effect, consenting to a finding of paternity, and assenting to the payment of child support when he full well knew he was not the natural father.

For all these reasons, the judgment of the trial court is affirmed and this case is remanded. The costs are taxed against the defendant.

AFFIRMED AND REMANDED.

TODD, P.J. (M.S.), and LEWIS, J., concur.

**4.** See *Brown v. Consolidation Coal Co.*, 518 S.W.2d 234 (Tenn.1974).

**5.** The two federal cases construing Fed.R.Civ.P. 60(b) cited in *Gaines* are *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266,

*modified*, 335 U.S. 631, 69 S.Ct. 398, 93 L.Ed. 1099 (1949); and *United States v. Cirami*, 563 F.2d 26 (2d Cir.1977). *Gaines*, 599 S.W.2d at 564.