JAMES HARRISON JENKINS, )
)
    Plaintiff/Appellant, ) Appeal No.
) 01-A-01-9803-CV-00134
v. )
) Macon Circuit
ANNETTE CAROL JENKINS, ) No. 3283
)
    Defendant/Appellee. )
)

**FILED**

September 2, 1998

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CIRCUIT COURT FOR MACON COUNTY

AT LAFAYETTE, TENNESSEE

THE HONORABLE BOBBY CAPERS, JUDGE

J. BRANDEN BELLAR
Bellar & Bellar
212 Main Street
P. O. Box 332
Carthage, Tennessee 37030
    ATTORNEY FOR PLAINTIFF/APPELLANT

WILLIAM JOSEPH BUTLER
Farrar, Holliman & Cassidy
102 Scottsville Highway
P. O. Box 280
Lafayette, Tennessee 37083
    ATTORNEY FOR DEFENDANT/APPELLEE

AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

# OPINION

In this case James Harrison Jenkins appeals the action of the trial court in dismissing his petition to modify a final decree of divorce.

On October 31, 1990, after sixteen years of marriage, Appellant filed suit for divorce on grounds of irreconcilable differences. Although Appellant receives a military retirement benefit, neither party to the divorce was at that time a member of the armed services and there were no children of the marriage under the age of eighteen years.

In prayers for relief plaintiff sought: 1. "That the Plaintiff be awarded an absolute divorce"; 2. "For approval of a Marital Dissolution Agreement" and, 3. "That the Plaintiff be granted such other, further, different and general relief to which he may be entitled."

Simultaneously, with the filing of the divorce complaint, Appellant filed a sworn marital dissolution agreement executed by the parties on September 28, 1990.

The marital dissolution agreement provided, in part:

> Whereas it is the desire of both parties to determine and settle their property rights and all other rights arising from the marital relationship; . . .
>
> . . .
>
> 7. That the Plaintiff agrees to pay to the Defendant Fifty (50%) of his military check he receives each month.
>
> . . .
>
> 10. Annette Carol Jenkins waives service of process in the upcoming divorce as attested to by her signature on this Marital Dissolution Agreement.
>
> The parties understand and agree that this Marital Dissolution Agreement is intended to be a full and final settlement of their property rights and each hereby waives and relinquishes to the other all rights or claims which each may have or acquire under the law or laws of any jurisdiction in the other's property now owned by either party or any property acquired in the future.
>
> Each party agrees to execute any document necessary to comply with the terms of this agreement.
>
> This agreement shall be incorporated in any decree of divorce between the parties subject to the approval of the Court in which such divorce is heard.

In this dissolution agreement Appellee, Annette Carol Jenkins, waived service of process and allowed appellant to proceed without contest. The final decree of divorce was entered January 16, 1991, wherein Appellant was granted a divorce on irreconcilable

differences grounds with the decree providing, in part:

> Upon the reading of the Complaint, examination of the witnesses in open Court according to law, and from all the proof;
>
> It appearing to the Court that the parties have no minor children born of this marriage.
>
> It further appearing to the Court that the parties have entered into a Marital Dissolution Agreement containing the disposition of their real and personal property.
>
> It is THEREFORE ORDERED, ADJUDGED and DECREED that the bonds of matrimony hereto existing between the parties be and the same are hereby and perpetually dissolved and the Plaintiff is vested with all the rights and privileges of an unmarried person.
>
> It is FURTHER ORDERED, ADJUDGED and DECREED that the Marital Dissolution Agreement heretofore entered into by and between the parties be filed as part of this record, and shall be hereby adopted and filed in all respects and incorporated in and made a part of this decree.

More than six years after the final decree of divorce, Appellant filed a petition to modify the final decree, asserting that he had suffered a stroke and was in need of 100% of the benefits of his military check that he receives each month, one-half of which had been awarded under the marital dissolution agreement.

On June 9, 1997, Appellee answered the petition to modify denying any basis therefore and seeking judgment of dismissal.

The petition to modify was heard by the trial judge on September 19, 1997, and after considering the memorandum of law filed by the appellant and the argument of counsel the trial court dismissed the petition, holding:

> That the payment set out in the Final Decree of the divorce of the Parties was the Plaintiff's military retirement for which the wife was entitled to one-half thereof as marital property, and Plaintiff should not be entitled to modify this Court's Final Decree concerning the division of that marital property.
> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that the Plaintiff's Petition is dismissed with prejudice, and all costs are taxed to the Plaintiff, for which execution may issue if necessary.

The only way the appellant can succeed in an attempt to modify the final decree at this late date is to establish that the provisions of paragraph 7 of the marital dissolution agreement constitute alimony *in futuro* rather than either alimony *in solido* or distribution of marital property. ***Towner v. Towner,*** 858 S.W.2d 888 (Tenn. 1993).

The marital dissolution agreement in this case is devoid of any mention of obligations for future support or alimony of any kind. It is purely a contractual agreement disposing of marital assets. The marital dissolution agreement thus does not lose its contractual nature by merger into the decree of divorce. As such, the marital dissolution agreement does not fall within the continuing jurisdiction of the court. *Penland v. Penland*, 521 S.W.2d 222 (Tenn. 1975).

In Tennessee, as in the vast majority of other jurisdictions, both vested and non-vested pension interests are marital property. *Kendrick v. Kendrick*, 902 S.W.2d 918 (Tenn. App. 1994).

The marital dissolution agreement at bar is not ambiguous in its purpose to settle property rights and all other rights arising from the marital relationship. Paragraph 7, as held by the trial court, involved disposition of marital property and under *Towner* and *Penland* is not now subject to modification.

Appellant seeks relief under Rule 60.02 of the Tennessee Rules of Civil Procedure. Appellant made a free, calculated and deliberate choice in 1991, and thus Rule 60.02(5) is not applicable. *Tyler v. Tyler*, 671 S.W.2d 492 (Tenn. App. 1984).

The judgment of the trial court is in all respects affirmed and costs assessed against appellant. The cause is remanded to the trial court for further proceedings consistent with this opinion.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE, M.S.

_____
BEN H. CANTRELL, JUDGE