IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2001 Session

## MICHAEL DANIEL FRY v. YURIKO SHINODA FRY

**Appeal from the Circuit Court for Davidson County**
**No. 99D-1613     Muriel Robinson, Judge**

_____

**No. M2000-02969-COA-R3-CV - Filed December 5, 2001**

_____

Pursuant to the wife's motion under Rule 60, Tenn. R. Civ. P., the trial court amended the division of the husband's Navy pension contained in an agreed order of divorce. We reverse the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and JOHN A. TURNBULL, SP. J., joined.

D. Scott Parsley, Nashville, Tennessee, for the appellant, Michael Daniel Fry.

Yuriko Shinoda Fry, Nashville, Tennessee, Pro Se.

**OPINION**

**I.**

The parties married in 1989. The husband, pursuing a career in the Navy, filed a complaint for divorce in May of 1999. In June of 1999, the wife filed an answer and counterclaim and the husband filed his answer to the counterclaim. By the time the case was ready for trial, the parties had agreed on all issues except the disposition of the marital residence and certain items of personal property.

One of the agreed paragraphs incorporated in the final decree pertained to the division of the husband's Navy pension. Paragraph 9 of the decree provided:

9. It is further ORDERED, ADJUDGED AND DECREED that Wife is awarded one-half (½) of Mr. Fry's pension through the U.S. Navy that has vested during the term of the marriage. The parties will cooperate in the preparation of a

Qualified Domestic Relations Order. Counsel for Mother shall prepare the Qualified Domestic Relations Order.

The Defense Finance and Accounting Service rebuffed their first effort to establish the wife's right to a portion of the Navy pension. Because the government requires a provision in the decree that sets a specific amount or provides a formula by which a specific amount can be calculated, it became necessary to amend the final divorce decree. Accordingly, the wife filed a motion pursuant to Rule 60.02(5), Tenn. R. Civ. P., "to allow a new order to be entered to carry out the intent of the previous order of the Court and to be in compliance with the Department of Defense."

The parties could not agree on the language to be included in the amended decree, so the trial judge finally signed the order submitted by the wife's counsel. The operative paragraphs of the amended decree provide:

> The Court finds that the parties were married on April 11, 1989, in Guam, a territory of the United States of America. The Court further finds that as of November 9, 1999, Michael Daniel Fry had been in the United States Navy for 14 years and achieved the pay grade of E7. The Court further finds that the parties have been married at least 10 years of the 14 years that Husband has been in the Navy and therefore Wife is entitled to a minimum of fifty-percent (50%) of his Navy retirement.

> The Court further finds that if Husband completes a 20 year tour of duty and qualifies for retirement then the numerator of the fraction described in the Uniform Services Former Spouse Protection Act will be 10 years married and if he completes his tour of duty and qualifies for retirement the denominator of that fraction will be 20 year for the number of years of credible service. According to the 1999 Retired Military Almanac at page 28, an E7 with over 19 years of service will receive a monthly amount of military nondisability retirement pay of $1,106. If Husband is promoted between the date of this order and the completion of 20 years of duty then this number will have to be adjusted to account for his promotion.

This appeal followed.

## II.

The amended order awards the wife one-half of the husband's retirement on the assumption that he will retire at twenty years of service. We think that is a significant alteration of the agreed order in the final decree. As we interpret the original order, it awarded the wife one-half of the pension – but only of that portion that accrued during the marriage. The original order was in accordance with the general rule announced by the courts of this state that only the portion of retirement benefits that accrue during the marriage are marital property subject to division. *See Cohen v. Cohen*, 937 S.W.2d 823 (Tenn. 1996). Therefore, the change was substantive and not just clerical.

Rule 60, Tenn. R. Civ. P., allows courts to correct final judgments for clerical mistakes (60.01) or for a host of reasons appearing in 60.02:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

In her Rule 60 motion, the wife did not allege any of the specific grounds listed in the rule. In fact, the motion did not seek a substantive change in the final decree at all. The only object of the motion was a change that would satisfy the government regulations pertaining to payment of benefits to a former spouse.

The last part of Rule 60.02(4), and Rule 60.02(5), contain non-specific reasons for granting relief from a final judgment. But the wife did not allege any equity that would justify modifying the final decree, and our courts have consistently said that Rule 60.05(5) does not allow a court to relieve a party from a free, calculated, and deliberate choice. *See Federated Insurance Co. V. Lethcoe*, 18 S.W.3d 621 (Tenn. 2000); *Tyler v. Tyler*, 671 S.W.2d 492 (Tenn. Ct. App. 1984); and *Magnavox v. Boles & Hite Construction Co.*, 583 S.W.2d 611 (Tenn. Ct. App. 1979). Since the husband and wife agreed on the language in the final decree when both were represented by counsel and there is no indication that it was anything but an arms-length transaction, Rule 60.02(5) does not give her an avenue for relief.

We reverse the judgment below and modify the trial court's order to provide that the wife will be entitled to a part of the husband's Navy pension according to the following formula:

$$\frac{1}{2} \quad X \quad \frac{10}{\text{(Number of years in the Navy at retirement)}} \quad X \quad \text{(retirement pay)}$$

The cause is remanded to the Circuit Court of Davidson County for the entry of an order in accordance with this opinion. Tax the costs on appeal to the wife.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.