Herschele Jean STEIOFF,
Plaintiff–Appellee,

v.

John Nelson STEIOFF, Jr.,
Defendant–Appellant.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Feb. 5, 1992.

Application for Permission to Appeal
Denied by Supreme Court
May 4, 1992.

Charles W. Burson, Atty. Gen. and Reporter, Stuart F. Wilson–Patton, Asst. Atty. Gen., Nashville, for plaintiff-appellee.

Robert L. Huskey, Manchester, for defendant-appellant.

## OPINION

LEWIS, Judge.

This is an appeal by defendant-appellant, John Nelson Steioff, Jr., from the trial court's denial of his motion pursuant to Tennessee Rule of Civil Procedure 60.02 for relief from a divorce decree entered on 3 January 1983 and from the trial court's denial of his motion seeking a blood test to determine paternity pursuant to Tennessee Code Annotated, Section 24–7–112.

Plaintiff–Appellee, Herschele Jean Steioff, and defendant-appellant were divorced by a decree entered in the Chancery Court for Coffee County on 3 January 1983. The decree recited that custody of the parties' minor child, Josie LeeAnn Steioff, born 8 October 1981, was granted to plaintiff-appellee and the court awarded child support of $25.00 per week. Defendant and his attorney both signed the 3 January 1983 decree as "Approved for Entry."

Defendant paid child support pursuant to the decree for only a short period. On 25 September 1990, the District Attorney General filed on behalf of plaintiff a petition for contempt for failure to pay child sup-

port, alleging that defendant was $10,-050.00 in arrears.

In response to the petition for contempt, defendant filed a request for relief from the January 1983 decree pursuant to Tennessee Rule of Civil Procedure 60.02 and also filed a request for a blood test pursuant to Tennessee Code Annotated, Section 24–7–112. In his Rule 60.02 motion he alleged that subsequent to the decree he learned from "outside sources" that the minor child was not his child.

On 8 February 1991, the court heard arguments on plaintiff's petition for contempt and the defendant's motions, and, on 15 February 1991, the trial court entered its order finding that defendant was in arrearage in the amount of $10,050.00 and granting plaintiff a judgment to that effect. The court denied defendant's motion pursuant to Tennessee Rule of Civil Procedure 60.02 and request for a blood test after finding that there was *"no* legal justification to grant said motions at this late date."

Defendant has appealed from that order and presents two issues. The first issue is: "Did the Honorable Circuit Judge commit reversible error by refusing to grant the Defendant–Appellant's request for a blood test under the provisions of Tennessee Code Annotated, Section 24–7–112?"

Tennessee Code Annotated, Section 24–7–112 provides that in any trial of a civil proceeding in the court for which the matter may be brought and in which the question of parentage arises, the court, "upon the motion of either party *at the initial appearance,* shall order that all necessary parties submit" to a blood test to establish or disprove parentage. Tenn.Code Ann. § 24–7–112(a)(1) (Emphasis added).

■ Defendant attempts to argue that he requested a blood test "at the initial appearance" by arguing he requested the blood test at his initial appearance in the contempt proceeding which he insists is a "separate and distinct proceeding" from the 1983 divorce proceeding. We respectfully disagree. The contempt proceeding arises out of the order in the divorce and custody proceeding and is not a separate

and distinct proceeding. Tennessee Code Annotated, Section 24–7–112 establishes a procedure for requesting the blood tests *in the initial proceeding* in which a party raises the issue of parentage. In this case the parties raised this issue in their initial pleadings prior to the entry of the decree on 3 January 1983. The defendant also signed the divorce decree in which plaintiff was awarded custody "of the parties' minor child, Josie Lee Ann Steioff, born 10/08/81" and the defendant was ordered to pay $25.00 per week in child support. This argument is without merit.

Defendant's second issue is: "Did the Honorable Circuit Judge commit reversible error by refusing to consider an application for relief by the Defendant–Appellant under the provisions of Rule 60.02(5) of the Rules of Civil Procedure?"

Tennessee Rule of Civil Procedure 60.02 provides as follows:

**60.02. Mistakes—Inadvertence—Excusable Neglect—Fraud, etc.—**On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion.

This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Tenn.R.Civ.P. 60.02.

■ Defendant's counsel states that it was his understanding that defendant's knowledge from the "outside sources" came to defendant only a few months, or less than a year, after the divorce decree was entered. Yet, the defendant did not move for relief under Tennessee Rule of Civil Procedure 60.02 until eight years later, and he did not do this except as a defense to the petition for contempt. In addition, he does not reveal the nature of these "outside sources." If defendant is entitled to any relief, it is pursuant to Rule 60.02(5) which allows relief for "any other reason justifying relief from the operation of the judgment." There is no specific time period stated for relief under Rule 60.02(5), however, our Supreme Court has interpreted "reasonable time" in the context of this rule and held that two years was not a reasonable time to wait before seeking relief. *Cain v. Macklin*, 663 S.W.2d 794 (Tenn.1984). Here, the appellant stated in his request for a blood test "that it had been his understanding from the beginning" that the child was not his. Yet he waited eight years after the entry of the final decree before seeking any relief under Rule 60.02. We are of the opinion that his request for relief was not filed within a "reasonable time."

■ The burden is on the party seeking relief under Rule 60.02 to show that he is entitled to relief. *Holt v. Holt*, 751 S.W.2d 426, 427 (Tenn.App.1988); *Brumlow v. Brumlow*, 729 S.W.2d 103, 106 (Tenn.App.1986). A Rule 60.02 motion addresses the sound discretion of the trial judge. On appeal, the scope of review is limited to whether the trial judge abused his discretion. *Banks v. Dement Const. Co.*, 817 S.W.2d 16, 17 (Tenn.1991).

■ Despite its extremely broad language, Tennessee Rule of Civil Procedure 60.02(5) has been construed very narrowly by Tennessee Courts. *Duncan v. Duncan*, 789 S.W.2d 557, 564 (Tenn.App.1990). It is designed to provide relief only in extraordinary circumstances or in cases of extreme hardship. *Tyler v. Tyler*, 671 S.W.2d 492, 495 (Tenn.App.1984).

■ Here, the defendant has not shown that he is entitled to relief. He has not at any time specified his grounds for seeking relief under 60.02. He has also failed to disclose the nature of the evidence which he supposedly has to suggest that he is not the father of the child. His allegations are vague in that he states that he has information from "outside sources." We are of the opinion that this does not satisfy his heavy burden under Rule 60.02(5). The trial court did not abuse its discretion in determining that Rule 60 relief was not in order. *Banks v. Dement Const. Co.*, 817 S.W.2d 16, 17 (Tenn.1991).

The appellant cites *Tyler v. Tyler*, 671 S.W.2d 492 (Tenn.App.1984) in support of his assertion that the trial court erred in denying him Rule 60.02 relief. However, in *Tyler*, the court denied the husband's motion because the husband knew at the time he married his wife that she was pregnant with another man's child. Appellant insists that this knowledge is the key factor which should compel this court to reach the opposite result from its decision in *Tyler*. *Tyler* cites *Magnavox Co. of Tennessee v. Boles & Hite Constr. Co.*, 583 S.W.2d 611, 613 (Tenn.App.1979) (quoting 11 Wright & Miller, Federal Practice and Procedure § 2864, at 216 (1973)) as follows:

The broad power granted by [the F.R.C.P. parallel to 60.02(5)] is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.

Defendant was under a duty to take timely legal steps to protect his own inter-

ests and having failed to take such steps he was not entitled to Rule 60.02 relief.

The judgment of the trial court is affirmed with costs assessed to the defendant-appellant and the cause remanded to the trial court for the collection of costs and any further necessary proceedings.

TODD, P.J., and CANTRELL, J., concur.