**George Kirby HENDERSON,**
**Respondent–Appellee,**

v.

**Ollie M. KIRBY, Movant–Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Oct. 1, 1996.

Application for Permission to Appeal
Denied by Supreme Court
April 7, 1997.

J. Lewis Kinnard, Madisonville, for movant-appellant.

Jerry K. Galyon, Dwight E. Stokes, Galyon & Stokes, Sevierville, for respondent-appellee.

## OPINION

SUSANO, Judge.

Ollie M. Kirby seeks to "correct" an alleged error in an agreed order entered in 1985. Her motion, filed pursuant to Rule 60.02, Tenn.R.Civ.P., was denied by the trial court. She appealed, arguing that the

agreed order is "inconsistent with the [trial court's] previous finding and inconsistent with [her] understanding." We affirm.

## I

This litigation was commenced in 1983 when several individuals filed a complaint for declaratory judgment against the movant, her now-deceased husband, Aaron Kirby, and others. As pertinent here, that suit asked the court to determine the owner or owners of a 100–acre tract of land in Sevier County. The Kirbys filed an answer and counterclaim alleging that "through inadvertence and mistake" a deed previously executed by Aaron Kirby had incorrectly included the 100–acre tract in question. They sought a correction of this error, alleging, in part, as follows:

> Aaron Kirby and wife Ollie Kirby further aver that the Warranty Deed dated June 11, 1982, of record in the Register's Office of Sevier County, Tennessee, in Warranty Deed Book 311, Page 688, should be vacated, set aside and held for naught.

> In the alternative, the said Warranty Deed should be reformed by Order of this Honorable Court and that any and all interest in [the 100–acre tract] be divested from the Counter-defendants and *vested into Aaron Kirby and wife Ollie Kirby.*

(Emphasis added). The counterclaim was signed by Jerry K. Galyon as attorney for the Kirbys. It was also signed by Aaron Kirby. His signature was under oath.

After a non-jury hearing, the Chancellor rendered his opinion in which he agreed with the Kirbys, finding, among other things, that the deed in question should be reformed to delete the 100–acre tract "on the ground of mutual mistake and draftsman's error." The court declared that

> Aaron Kirby is the owner in fee simple unencumbered, of a five-sixth undivided interest in and to the 100 acre tract referred to in the complaint.

A judgment confirming the court's ruling was entered on February 7, 1984.

A "motion to alter and amend judgment and/or for new trial" was filed by the Kirbys and other defendants on March 7, 1984. Following a hearing, the Chancellor corrected his earlier judgment by an order entered July 31, 1984, in which he held that Aaron Kirby was, in fact, the fee simple owner of the *entire* 100–acre tract of land.

On November 21, 1985, the agreed order at issue in the instant appeal was entered in the trial court. That order divested title to the 100–acre tract from named parties and vested it in the Kirbys who, by operation of law, took the property as tenants by the entirety. The agreed order "impressed" a lien on the Kirbys' property to secure Mr. Galyon's attorney fee of "⅓ of the one hundred acres herein described." [1]

By warranty deed executed June 28, 1993, Ollie M. Kirby and others conveyed their interest in the 100–acre tract of land to Mr. Galyon, except for a life estate reserved to Mrs. Kirby in a house and small lot. The deed reflects that Mr. Kirby was then deceased. The deed contains the following statement:

> It is the intent of the Grantors by this instrument to convey all their rights, titles, equities and interests to the Grantee in the hereinabove described property. Ollie M. Kirby is the owner of all of said property or a one-third interest; Jean K. Brackins is the owner of a one-ninth interest; and Brenda K. Teaster is the owner of a one-ninth interest, which they are conveying to the Grantee herein.

This deed was apparently executed in satisfaction of Mr. Galyon's fee claim. We were advised at oral argument that there was additional consideration for the conveyance.

The Rule 60.02 motion now before us was filed on November 20, 1995, one day shy of ten years following the entry of the agreed order challenged in the motion. The motion alleges, in part, as follows:

> ... the original case and record showed property to be owned by Aaron Kirby, and that the Agreed Order as amended vested

1. The parties to this appeal agree that Mr. Galyon had represented the Kirbys in the original litigation under a fee arrangement whereby he

was entitled to a contingent fee of one-third of any recovery secured for them.

title into Aaron Kirby and wife, Ollie Kirby. Further that this change in title was not intended or contemplated by any parties in the suit or their counsel, according to the attached Affidavit of Ollie M. Kirby, and that no intervening bona fide purchaser for value has intervened, and that the movant's original counsel of record should not be allowed to profit from a mistake in which he participated or approved.

Ollie M. Kirby supported the motion by her affidavit which states, in pertinent part, as follows:

That she was the wife of Aaron Kirby at the time that this cause was filed, and that Aaron Kirby was the sole owner of property involved in this litigation. That the ownership as between she and Aaron Kirby did not change in the litigation, and she was not aware that a Court decree had been entered showing her to be the owner as it was the intention of Aaron Kirby and the Affiant that the property should continue to be in the name of Aaron Kirby, and that the Agreed Order attached hereto as Exhibit A contains an administrative error where it indicates that title was vested in Aaron Kirby and wife, Ollie Kirby. That when she executed a warranty deed, a copy of which is attached hereto as Exhibit B, to Jerry K. Galyon on the 28th day of June, 1994, reserving a life estate to herself in a small portion she believed that her signature was required so that the girls could sell the property, and that she owned no portion of the property other than what she inherited from Aaron Kirby.

Mr. Galyon filed his affidavit in response to the motion. His affidavit controverts the operative statements in Mrs. Kirby's affidavit.

As previously indicated, the trial court denied the motion.

## II

◼ A Rule 60.02 motion addresses the sound discretion of the court. *Steioff v. Steioff,* 833 S.W.2d 94, 97 (Tenn.App.1992); *Banks v. Dement Const. Co., Inc.,* 817 S.W.2d 16, 18 (Tenn.1991); *Underwood v. Zurich*

*Ins. Co.,* 854 S.W.2d 94, 97 (Tenn.1993); *Davidson v. Davidson,* 916 S.W.2d 918, 923 (Tenn.App.1995). On appeal, our scope of review is limited to whether the trial court abused its discretion. *Id.* "The burden is on the party seeking relief under Rule 60.02 to show that he [or she] is entitled to relief." *Steioff,* 833 S.W.2d at 97; *Banks,* 817 S.W.2d at 18.

In this case, Mrs. Kirby's motion appears to invoke the provisions of subsection (1) of Rule 60.02, i.e., "mistake, inadvertence, surprise or excusable neglect," and subsection (5), i.e., "any other reason justifying relief from the operation of the judgment." To the extent it relies upon Rule 60.02(1), it comes too late. Such a motion, at the "outside," must be made "not more than one year after the judgment, order or proceeding was entered or taken." Rule 60.02, Tenn.R.Civ.P. This being the case, we now turn our attention to Rule 60.02(5).

◼ While the language of Rule 60.02(5) might suggest a broad application, it has been "very narrowly" construed by the courts of this state. *Tyler v. Tyler,* 671 S.W.2d 492, 495 (Tenn.App.1984); *Steioff,* 833 S.W.2d at 97; *Underwood,* 854 S.W.2d at 97; *Duncan v. Duncan,* 789 S.W.2d 557, 564 (Tenn.App.1990). Two applications of the rule have been recognized. One is limited to workers' compensation cases,[2] and the other is directed at those cases presenting "extraordinary circumstances or extreme hardship." *Gaines v. Gaines,* 599 S.W.2d 561, 564 (Tenn.App.1980); *Duncan,* 789 S.W.2d at 564 ("relief [is provided] only in the most unique, exceptional, or extraordinary circumstances.") A movant has a "heavy burden" under Rule 60.02(5). *Steioff,* 833 S.W.2d at 97.

◼ A claim cannot be asserted under Rule 60.02(5) "simply because relief under other provisions [of 60.02] is time barred." *Wallace v. Aetna Life & Casualty Co.,* 666 S.W.2d 66, 67 (Tenn.1984).

◼ The motion in this case was filed one day short of the ten-year anniversary of the entry of the challenged order. It was filed

---

**2.** *See Brown v. Consolidation Coal Co.,* 518     S.W.2d 234 (Tenn.1974).

too late. While "Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules," it is clear that it "does not ... permit a litigant to slumber on [a] claim[ ] and then belatedly attempt to relitigate issues long since laid to rest." *Thompson v. Firemen's Fund Ins. Co.,* 798 S.W.2d 235, 238 (Tenn.1990).

Mrs. Kirby argues that she was not aware that the title to the property had been lodged in the names of her late husband and her as tenants by the entirety. She apparently takes this position in an attempt to disturb the efficacy of her deed to Mr. Galyon. Even assuming, for the purpose of argument, that she did not know of the wording of the agreed order, her attorney certainly knew about it. He signed the order as attorney for her and her husband. "The well settled law in this state is that a client is charged with the knowledge of his [or her] attorney under an agency theory." *Davidson,* 916 S.W.2d at 924.

The Supreme Court has held that it is a question of fact as to "whether a movant under [Rule] 60.02 has acted within a reasonable time." *Wooley v. Gould,* 654 S.W.2d 669, 672 (Tenn.1983). We do not find that the evidence preponderates against a finding that the movant in this case did not act in a timely fashion.

■ Even had Mrs. Kirby filed her motion within a reasonable time after the entry of the agreed order, we do not find a 60.02(5) basis in this case to "correct" or otherwise alter that order. The Kirbys' counterclaim specifically asked, in the alternative, that the property be placed in their joint names. The agreed order is in keeping with that request. Furthermore, given the request in the counterclaim, the decree placing the property in joint names is not inconsistent with the court's determination that the property was owned by Mr. Kirby alone when he made the conveyance in question. Mr. Kirby, the sole owner of the property at an earlier time, asked the court, in a verified counterclaim, to place the property in the joint names of him and his wife.

■ We also do not find that the deed to Mr. Galyon, which was prepared by him, is necessarily inconsistent with the agreed order. The reference in the deed, stated in the alternative, to Mrs. Kirby's one-third interest does not compel the conclusion, under the facts of this case, that the agreed order was incorrect when it vested title in the Kirbys as tenants by the entirety. While the record does not reflect why Mr. Galyon drafted the deed to reflect that Mrs. Kirby was "the owner of all of said property *or a one-third interest,*" (emphasis added), we do not agree that this alternative reference requires us to conclude that Mr. Galyon was, in some way, aware that the decree vesting title in the Kirbys' joint names was incorrect. Nor do we feel this conclusion is compelled by the fact that he obtained the signatures of two of Aaron Kirby's daughters on the deed. There had been extensive litigation regarding the title to this property. It is reasonable to assume that Mr. Galyon, as the drafter of the deed, was just being extraordinarily cautious. Even if the signatures of the daughters were not required to convey good fee simple title, there was no harm in having them on the deed. Furthermore, if someone had a question as to the quantum of Mrs. Kirby's interest at the time the deed was executed, there was no "downside" to expressing that interest in the alternative; but, in any event, none of this is sufficient, as a matter of law, to upset a ten-year old decree that is totally consistent with the relief sought in the Kirbys' counterclaim. Without question, this case does not present "unique, exceptional, or extraordinary circumstances." *Steioff,* 833 S.W.2d at 97.

The Chancellor did not abuse his discretion in denying Mrs. Kirby's motion.

The judgment of the trial court is affirmed. This cause is remanded to the court below for collection of costs, pursuant to applicable law. Costs on appeal are taxed to the appellant.

GODDARD, P.J., and FRANKS, J., concur.