## IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

**FILED**

**July 22, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

**JAMES DAVID GATLIN,**                )
                                                                )
                    Plaintiff/Appellant,        )        Gibson Chancery No. H-2254
                                                                )
**vs.**                                                      )
                                                                )
**DEANNA E. GATLIN,**                   )        Appeal No.  02A01-9710-CH-00267
                                                                )
                    Defendant/Appellee.        )

APPEAL FROM THE CIRCUIT COURT OF GIBSON COUNTY
AT HUMBOLDT, TENNESSEE

THE HONORABLE GEORGE R. ELLIS, JUDGE

For the Plaintiff/Appellant:                    For the Defendant /Appellee:

David M. Livingston                             Deanna E. Gatlin, Pro Se
Brownsville, Tennessee                        Trenton, Tennessee

For the Minor Child, William James
Nathan Melton:

Jerald M. Campbell, Jr.
Trenton, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, JUDGE

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

## OPINION

This is a paternity case. The mother and father married after the child was born, and later divorced. In the divorce decree, the father was ordered to pay child support. The father later sought to set aside the order of child support and requested parentage testing. The trial court denied the father's petition, and he appealed. We affirm.

On December 17, 1986, William James Nathan Melton ("William") was born to Deanna Melton, the defendant-appellee in this case. Deanna Melton was living with James David Gatlin at the time of the child's birth. Melton and Gatlin married on July 1, 1989.

Gatlin ("Husband") subsequently filed for divorce against Melton ("Wife"). In his divorce complaint, Husband averred that William was his child, and sought custody. By decree dated March 27, 1991, the Chancery Court of Gibson County granted the parties a divorce and awarded joint custody of William to Husband and Wife, with primary custody to Wife. The trial court also ordered Husband to pay child support of $25 per week, and to pay all medical expenses for William.

On November 9, 1995, Husband filed a petition to set aside the March 27, 1991 order, on the grounds that William was not his child. Husband also requested parentage testing. The trial court denied the petition and issued a finding of fact that Husband "believed the said minor child, William James Nathan Melton, was his child after the conception of the said minor child; during the marriage of the parties; and after the divorce while the parties had resumed living together." The trial court also found Husband $4,736.61 in arrears in his child support obligation. Husband appealed.

Tennessee Code Annotated § 24-7-112 governs a party's right to demand parentage testing.[1] Subsections (a)(1) and (a)(2) address the conditions under which a court may order such a test:

> (a)(1) In the trial of any civil or criminal proceeding in which the question of parentage arises, the court before whom the matter may be brought, upon the motion of either party at the initial appearance, shall order that all necessary parties submit to any tests and comparisons which have been developed and adapted for purposes of establishing or disproving parentage. Tests for determining paternity may include any blood, genetic, or DNA test utilized by an accredited laboratory. Failure to make a timely motion for submission to such tests and comparisons shall constitute a waiver and shall not be grounds for a continuance. The results of such tests and comparisons, including the statistical likelihood of the alleged parent's parentage, if available, may be admitted into evidence as provided in subsection (b).
>
> (2) During any civil proceeding in which the question of parentage arises, upon the motion of either party or on the court's own motion, the court shall, at such time as it deems equitable, order all necessary parties to submit to any tests and comparisons

---

[1]This statute has been amended, and no longer includes the phrase, "at the initial proceeding." Because the trial court's order was entered prior to the effective date of this amendment, the amended statute is not applicable in this case.

which have been developed and adapted for purposes of establishing or disproving parentage. Tests for determining paternity may include any blood, genetic, or DNA test utilized by an accredited laboratory. Failure of either party to make a motion for submission to such tests and comparisons shall constitute a waiver and shall not be grounds for a continuance. The results of such tests and comparisons, including the statistical likelihood of the alleged parent's parentage, if available, may be admitted into evidence as provided in subsection (b).

Under section (a)(1), testing is required if one of the parties raises the issue of parentage in the initial pleading. If the issue is raised after the initial pleading, (a)(2) gives the trial court the discretion to determine whether to permit the testing. *See Davis v. Davis*, No. 03A01-9509-CH-00327, 1996 WL 12584, at *1 (Jan. 11, 1996); *State ex rel Scott v. Brown*, 937 S.W.2d 934, 937 (Tenn. App. 1996); *Williams v. Campbell,* No. 02A01-9408-JV-00177, 1995 WL 429265, at *2 (Tenn. App. July 21, 1995); *Steioff v. Steioff*, 833 S.W.2d 94 (Tenn. App. 1992).

The party requesting parentage testing must make the request in his initial appearance in the proceeding in which the issue of parentage is raised. Tenn. Code Ann. § 24-7-112(a)(1). In this case, Husband filed a complaint for divorce in which he sought custody of William. In the divorce decree, signed by Husband, Wife was awarded custody "of the parties' minor child" and Husband was ordered to pay $25 per week in child support. Husband's petition to set aside the order for child support arose out of the divorce and custody proceeding. He failed to request parentage testing in his "initial appearance" in the proceeding in which parentage was an issue. *See Steioff v. Steioff*, 833 S.W.2d 94, 96 (Tenn. App. 1992). Indeed, Husband sought parentage testing four years after the divorce was final. Parentage testing was therefore not required in this case under Section 24-7-112(a)(1). *Id.* at 96.

Husband argues that the trial court abused its discretion in denying his request for parentage testing. In his brief, Husband asserts that it was not until eighteen months after the divorce that Wife informed him that he may not be the father of the child. Because the divorce was granted in March, 1991, Wife's alleged statement occurred in August 1992. However, Wife notes that the parties continued to live together until September 1994, and that Husband has maintained a father-son relationship with William. The petition for parentage testing was not filed until November 1995. Under these circumstances, the trial court did not abuse its discretion in denying Husband's petition for parentage testing. Tenn. Code Ann. § 24-7-112(a)(2); *see State ex rel Duck v. Williams*, No.

02A01-9604-JV-00084, 1997 WL 675459, at \*3 (Tenn. App. Oct. 29, 1997); *Davis v. Davis*, No. 03A01-9509-CH-00327, 1996 WL 12584, at \*2 (Tenn. App. Jan. 11, 1996).

The decision of the trial court is affirmed. Costs are assessed against the Appellant, for which execution may issue, if necessary.

_____
_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**

_____
**ALAN E. HIGHERS, J.**