# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### MARCH 2000 Session

## JOE TRAMMELL AND KAREN TRAMMELL v. GEORGE W. POPE, JR., INDIVIDUALLY AND D/B/A ACHIEVA HOMES

**Direct Appeal from the Chancery Court for Franklin County**
**No. II26066; The Honorable Russ Heldman, Chancellor**

---

**No. M1999-00886-COA-R3-CV - Filed August 9, 2000**

---

This appeal arises out of a default judgment rendered against the Appellant. The underlying cause of action was for the breach of a construction contract. After the Appellant did not answer the complaint or otherwise defend the action, the Chancery Court of Williamson County granted the plaintiffs' motion for default and entered judgment accordingly. A subsequent damage hearing was held at which the Appellant did not appear. The Appellees obtained a judgment for $918,073.15. The Appellant filed an application to set aside the default judgment which was denied by the trial court.

**Tenn. R. App. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which FARMER, J., and LILLARD, J., joined.

Gail P. Pigg, Nashville, for appellant

Paul T. Housch, Nashville, for appellees

### OPINION

George Pope appeals from the decision of the Chancery Court of Williamson County denying his application to set aside a default judgment. For the reasons stated herein, we affirm the trial court's decision.

### I. Facts and Procedural History

This case originated with a complaint filed by Joe and Karen Trammell ("Appellees") against George W. Pope ("Appellant") on March 3, 1999, seeking monetary damages for breach of a construction contract. The claims were based on the failure to complete and/or for defective construction of the Appellees' home by the Appellant.

The Appellant was served with a copy of the summons and complaint on April 6, 1999. Previously, by letter dated March 4, 1999, the Appellant had been contacted by the Appellees' attorney to inform him that he had been sued in the Chancery Court of Williamson County. This letter also informed the Appellant that any warranty work performed by the Appellant would not be deemed as a compromise or settlement.[1] In pertinent part, the letter stated:

> This letter will also confirm that you had previously scheduled with Dr. and Mrs. Trammell's former attorney, Lynn Robinson, to have certain warranty work performed at 2183 South Berry's Chapel Road, property, on March 5, 1999, and that you had arranged for these subcontractors to meet you at the property site.
>
> While we have not personally met to discuss these matters of the pending action, this letter will serve as official notice that you are under an obligation under the Contract for Dr. and Mrs. Trammell to provide warranty services notwithstanding the present litigation. If you provide the warranty services for the items of construction as contractually bound to do and under the implied warranty of good workmanship, this will in no way be deemed to be a settlement or compromise of settlement of Mr. and Mrs. Trammell's claims against George Pope, Jr., d/b/a/ Achieva Homes pending in the above referenced matter.
>
> I have recommended to Mr. and Mrs. Trammel to allow the warranty work as per the contract between Mr. and Mrs. Trammell and you to proceed on March 5, 1999. I want to make sure that you understand that this is not a compromise or settlement of Mr. and Mrs. Trammell's claims against you by allowing warranty work to be performed under the existing Contract which is the subject of the litigation in the above referenced matter.

By letter dated March 16, 1999, the Appellees' attorney again contacted the Appellant to inform him that the performance of specific work in the home would not serve as a compromise or settlement of the claims against him. A third letter, dated April 22, 1999, effectively re-stated the position taken in the previous letters.

On April 30, 1999, the Appellees filed a motion for default judgment based on the fact the Appellant had failed to answer the complaint or otherwise defend the action. The Appellant was served with notice that a hearing on the motion was set for June 14, 1999. The Appellant did not appear to contest the motion for default, and an order was entered on June 14, 1999 granting the Appellees' motion. The court set a damage hearing for July 12, 1999. Pursuant to the court's

---

[1] The Appellees' previous counsel had contacted the Appellant regarding the performance of warranty work.

instructions, the Appellant was provided with a copy of the order granting the motion for default, as well as the date and time for the damage hearing.[2]

On July 12, 1999, the Appellees and their attorney appeared at the damage hearing and presented evidence on the question of damages. The Appellant did not appear at the damage hearing. A judgment of $918,073.15 was subsequently entered against the Appellant.

On July 26, 1999, the Appellant filed an application to set aside the default judgment. He asserted that the reason he failed to answer the complaint was his reliance on the representations of opposing counsel and his own belief that the case would be settled outside court. He also claimed to have numerous meritorious defenses to the action against him. On September 8, 1999, the trial court conducted a full hearing on the application to set aside the default judgment. The court found that the Appellant had failed to show any mistake, inadvertence, excusable neglect, or misrepresentation of the adverse party or any other reason to justify relief under Rules 55 and 60.02 of the Tennessee Rules of Civil Procedure. Based on these findings, the court denied the application to set aside the default judgment. This appeal followed.

## II. Law and Analysis

Our standard of review in this case has been succinctly stated by the Tennessee Supreme Court in Underwood v. Zurich Ins. Co., 854 S.W.2d 94 (Tenn. 1993). A motion for relief based on Rule 60.02 grounds addresses itself to the sound discretion of the trial judge, and the scope of review of an appellate court is to determine if the discretion was abused. Id. at 97. The burden is on the party seeking relief pursuant to Rule 60.02 "to show that he [or she] is entitled to relief." Steioff v. Steioff, 833 S.W.2d 94, 97 (Tenn. Ct. App. 1992).

As pertinent to the present case, Rule 60.02 of the Tennessee Rules of Civil Procedure provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the

---

[2] The Appellant acknowledges that he received a copy of the order and was aware of the date and time of the damage hearing.

finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court.

Relief under Rule 60.02 is considered "an exceptional remedy." Nails v. Aetna Insurance Company, 834 S.W.2d 289, 294 (Tenn. 1992). In analyzing this issue, we are required to examine the moving party's proof to determine whether the default was willful and to assess the extent to which the defaulting party's conduct has prejudiced the non-defaulting party. Tennessee Dep't of Human Servs. v. Barbee, 689 S.W.2d 863, 866 (Tenn.1985). Unfortunately for the Appellant's position, our consideration of those factors leads us to conclude that the trial court did not abuse its discretion in denying his application to set aside the default judgment.

Regardless of the arguments which the Appellant makes to this court, the record is replete with evidence showing that his failure to defend the action was completely unjustified. He received at least three letters informing him that any work on the home would not serve as a "compromise or settlement" of the claims against him. He received notices of all the filings and hearings in the case. Every indication is that the case was proceeding forward and the Appellant was fully aware of this fact.[3] We believe the record is extremely clear in this regard.

We are unable to attribute the Appellant's actions to "mistake, inadvertence, surprise or excusable neglect." While we do not wish to imply that the Appellant is well versed in the language of legalities, his complete failure to act reasonably under the circumstances cannot be remedied under Rule 60.02(1). Such relief would prejudice the Appellees insofar as they complied with all applicable rules in pursuing their action. The after-the-fact claim by the Appellant that the judgment was not rendered fairly is unsupported by the record, and the Appellees are entitled to their valid judgment.

Additionally, we do not believe the Appellant makes a viable argument under Rule 60.02(5), allowing a judgment to be set aside for "any other reason justifying relief." This section has been "very narrowly" construed by the courts of this state. Tyler v. Tyler, 671 S.W.2d 492, 495 (Tenn. Ct. App.1984); Steioff, 833 S.W.2d at 97; Underwood, 854 S.W.2d at 97; Duncan v. Duncan, 789 S.W.2d 557, 564 (Tenn. Ct. App.1990). We find nothing in the present case which would lead us to conclude that the Appellant is entitled to relief under 60.02(5). [4]

---

[3] While we express no opinion on the ultimate issue, there is evidence tending to show that the Appellant's failure to answer the complaint was a calculated risk. Affidavits in the record claim that the Appellant had threatened the Appellees with bankruptcy in lieu of defending the action. Whether this be true or not, we are convinced that the Appellant knew that the litigation was proceeding and chose, for his own reasons, not to act.

[4] To the extent the Appellant claims relief under any other part of Rule 60.02, we consider such an argument to be without merit. His claims that he was mis-led by the Appellees' attorney are unfounded and, moreover,
(continued...)

The party seeking relief from a judgment bears a heavy burden. The "abuse of discretion" standard of review places significant limitations on this court's power to review a trial court decision. Moreover, the "exceptional remedy" provided by Rule 60.02, <u>Nails v. Aetna Insurance Company</u>, 834 S.W.2d 289, 294 (Tenn. 1992), must be carefully utilized. Its function is "to strike a proper balance between the competing principles of finality and justice." <u>Jerkins v. McKinney</u>, 533 S.W.2d 275, 280 (Tenn. 1976). It operates as "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." <u>Thompson v. Fireman's Fund Ins. Co.</u>, 798 S.W.2d 235, 238 (Tenn.1990). But, "[b]ecause of the 'principle of finality,' the 'escape valve' should not be easily opened." <u>Toney v. Mueller Co.</u>, 810 S.W.2d at 146 (Tenn. 1991). Our analysis of the record shows that the Appellant is not entitled to relief.

## Conclusion

For the reasons stated herein, we affirm the judgment of the trial court denying the application to set aside the default judgment. Costs of this appeal are taxed to the Appellant, George W. Pope, for which execution may issue if necessary

_____
ALAN E. HIGHERS, JUDGE

---

[4](...continued)
contradicted by the record. Additionally, the attorney denies that he ever mis-led the Appellant. Presumably, the trial court considered issues of credibility in making its decision, and we will not overrule its determinations in that regard.