IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 6, 2005 Session

## JOHN JAY HOOKER v. BILL PURCELL

**Appeal from the Chancery Court for Davidson County**
**No. 03-2387-I     Claudia Bonnyman, Chancellor**

---

**No. M2003-03107-COA-R3-CV - Filed January 20, 2005**

---

Plaintiff appeals the denial of his Tenn. R. Civ. P. 60.02(3) motion by which he sought to be relieved from a final judgment that dismissed his complaint for failing to state a claim upon which relief could be granted. Plaintiff argues that the order dismissing his action was "void" because the trial court lacked jurisdiction to dismiss his action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

John Jay Hooker, Nashville, Tennessee, Pro Se.

Lora Barkenbus Fox and John L. Kennedy, Nashville, Tennessee, for the appellee, Mayor Bill Purcell.

**OPINION**

This action was commenced upon the filing of the complaint to bring an election contest by John Jay Hooker.[1] Shortly thereafter, the defendant, Bill Purcell, filed a motion to dismiss arguing that Plaintiff had failed to state a claim upon which relief could be granted. The motion was heard and an order granting the motion to dismiss was entered on October 20, 2003.

Plaintiff then filed a motion to alter or amend the order of dismissal. He also filed a motion to declare "void" the order dismissing his complaint. The purpose of the motion was to declare as void the previous order dismissing his action. Plaintiff argued that the trial court was without

---

[1]An amended complaint was filed three days later.

jurisdiction to dismiss Plaintiff's action.[2] These motions were heard and an order denying the motion to alter or amend was entered on November 14, 2003, and an order entered on November 19, 2003, denying the motion to declare the order of dismissal void. Plaintiff appealed.

Plaintiff's notice of appeal did not succinctly identify the issues, and it failed to comply with Tenn. R. App. P. 3(f). It was therefore incumbent on this court to clarify the issue(s) properly on appeal. This was accomplished by order of this court entered February 23, 2004. The order reads as follows:

ORDER

On January 16, 2004, the appellee filed a motion to dismiss this appeal for failure to file the notice of appeal within thirty (30) days of the judgment appealed from as required by Tenn. R. App. P. 4(a). The appellee asserted that the trial court entered its final order denying the appellant's motion to alter or amend on November 14, 2003, and that the appellant did not file his notice of appeal with the trial court clerk until December 18, 2003. The appellant did not file a response to the motion, and the court dismissed the appeal on February 2, 2004. The appellant has now filed a motion to reinstate the appeal asserting that he was not appealing from the November 14, 2003 order denying the motion to alter or amend but rather from a November 19, 2003 order regarding a Tenn. R. Civ. P. 60 motion. [footnote omitted]

The appellant's notice of appeal does not identify the order being appealed as required by Tenn. R. App. P. 3(f). The trial court's October 20, 2003 order of dismissal and November 14, 2003 order denying the motion to alter or amend have become final and unappealable. The appeal of those orders remains dismissed. However, the November 19, 2003 order denying the appellant's Tenn. R. Civ. P. 60 motion constitutes a separate judgment. To the extent the appellant intends to appeal that judgment, the notice of appeal was timely filed. The only issue available in such an appeal is whether the trial court erred in denying the Tenn. R. Civ. P. 60 motion. No issues related to the merits of the original suit may be presented.

It is, therefore, ordered that the appellant may proceed with his appeal of the trial court's November 19, 2003 order denying his Tenn. R. Civ. P. 60 motion. The issue on appeal shall be limited to whether the appellant is entitled to relief under Tenn. R. Civ. P. 60 as requested in his motion to declare the October 20, 2003 order void. The appeal of the October 20, 2003 and November 14, 2003 orders remains dismissed. The preparation of the record related to the appeal of the November 19, 2003 order shall proceed in accordance with Tenn. R. App. P. 24.

---

[2] Plaintiff argued that the trial court was without jurisdiction to dismiss a lawsuit filed under Article XI, Section 16 of the Tennessee Constitution.

At the hearing before this court, Plaintiff stated that he was not contesting the finality of the October 20, 2003 or the November 14, 2003 orders. To the contrary, he stated that he strategically allowed those orders to become final so that the only issue on appeal would pertain to the order entered on November 19, 2003, which denied his Rule 60 motion to declare the order of dismissal void. He also identified subsection (3) of Tenn. R. Civ. P. 60.02 as the specific provision upon which he was relying.

The sole issue before the court is whether the trial court erred by not granting Plaintiff relief pursuant to Tenn. R. Civ. P. 60.02(3). The motion sought to declare "void" the trial court's previous order, entered on October 20, 2003, dismissing Plaintiff's action for failing to state a claim upon which relief could be granted. The Tenn. R. Civ. P. 60.02(3) motion at issue reads as follows[3]:

> MOTION UNDER RULE 60 TO DECLARE VOID THE ORDER
> OF SEPTEMBER ___, 2003, AS THE COURT IS WITHOUT
> JURISDICTION TO DISMISS THIS LAWSUIT UNDER ARTICLE
> XI, SECTION 16, TENNESSEE CONSTITUTION
>
> This Honorable Court lacks subject matter jurisdiction under the Tennessee Constitution Article XI, Section 16, to deprive this Plaintiff of a "**free and equal election**" under Article I, Section 5, as the electors who have no money to contribute are discriminated against in violation of said Provision in *pari materia* with Article IV, Section 1, of the Tennessee Constitution. Moreover, use of food and drink given by a candidate to some electors and not to others discriminates against the others under the Fourteenth Amendment of the United States Constitution and Article I, Section 8, of the Tennessee Constitution.
> Article XI, Section 16, restrains this Court in permitting such a practice by denying the Court subject matter jurisdiction.
> Therefore, this Motion filed under Rule 60 requests the Court to order that the Court has no jurisdiction to permit Mayor Purcell to provide meat and drink to electors in pursuit of election.

Our standard of review of the denial of Tenn. R. Civ. P. 60.02 relief was stated by the Tennessee Supreme Court in *Underwood v. Zurich Insurance Co.*, 854 S.W.2d 94 (Tenn. 1993). A motion for relief based on Rule 60.02 grounds addresses itself to the sound discretion of the trial judge, and the scope of review of an appellate court is to determine if that discretion was abused. *Id.* at 97. Thus, the trial court's decision to deny relief under Rule 60.02 is reviewed under an abuse of discretion standard. *See Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996).

The party seeking relief from a judgment bears a heavy burden. Rule 60.02 provides an "exceptional remedy." *Nails v. Aetna Insurance Co.*, 834 S.W.2d 289, 294 (Tenn. 1992); *Steioff v. Steioff*, 833 S.W.2d 94, 97 (Tenn. Ct. App. 1992). Its function is "to strike a proper balance between

---

[3]The date was left blank in the motion and that is the way it appears in the record before this court.

the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). It is "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules.*" Thompson v. Firemen's Fund Insurance* Co., 798 S.W.2d 235, 238 (Tenn. 1990).

With respect to legal issues, our standard of review of the denial of Rule 60.02 relief is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Board of Education*, 58 S.W.3d 706, 710 (Tenn. 2001).

Tenn. R. Civ. P. 60.02(3) provides in pertinent part that on motion and upon such terms as are just, the court may relieve a party from a final judgment or order if the judgment is void. In a nutshell, Plaintiff is asserting that the trial court was without jurisdiction to dismiss his lawsuit, because it was a lawsuit that pertains to the meaning of a constitutional provision, Article XI, §16, of the Tennessee Constitution. Section 16 reads:

> *Section 16. Bill of rights to remain inviolate*.– The Declaration of rights hereto prefixed is declared to be a part of the Constitution of this State, and shall never be violated on any pretence whatever. And to guard against transgression of the high powers we have delegated, we declare that everything in the bill of rights contained, is excepted out of the General powers of government, and shall forever remain inviolate.

Plaintiff argues that this provision means the court does not have subject matter jurisdiction to hear election challenges. Plaintiff's brief, however, cites no authority to support this argument.

Defendant counters Plaintiff's argument by citing constitutional provisions, statutory law and case law. Defendant asserts that, "The Tennessee Constitution contains a separate section regarding authority of the judiciary. It vests the judicial power of the state 'in one Supreme Court and in such Circuit, Chancery and other Inferior Courts as the Legislature shall from time to time, ordain and establish. . . .'" (citing Tenn. Const. Art. VI, § 1). Next, Defendant notes that our Chancery Courts have "all the powers, privileges, and jurisdiction properly and rightfully incident to a court of equity." (citing Tenn. Code Ann. § 16-11-101) and that the General Assembly has determined that "election contests shall be tried in the chancery court of the division in which the defendant resides." (citing Tenn. Code Ann. § 2-17-101(a)).

Perhaps the most succinct and relevant argument Defendant makes is that the courts of this state, "have never before hesitated to interpret the 'food and drink' provision of the constitution contained in Article X, Section 3." (citing *State ex rel. Anderson v. Fulton,* 712 S.W.2d 90 (Tenn. 1986); *Hooker v. Bredesen*, No. M2002-01025-COA-R3-CV, 2002 WL 31425791 (Tenn. Ct. App. October 30, 2002); *Hooker v. McWherter*, Case No. 98-2246-III (Davidson County Chancery Court, July 27, 1998)). The relevance of this argument is that the "food and drink" provision referenced above is the subject of Plaintiff's complaint.

-4-

This issue presented to the trial court by Defendant's motion to dismiss, which resulted in the order Plaintiff claims to be void, was a question of law. That question was whether Plaintiff had stated a claim upon which relief could be granted. Our constitution recognizes that juries may be finders of fact but judges shall "declare the law." Tenn. Const. Article VI, § 9. Thus, Tenn. Const. Article VI, § 9, read in conjunction with Tenn. Code Ann. § 16-11-101 unequivocally confirms that the trial court had jurisdiction to make the ruling and to enter the order that dismissed Plaintiff's cause of action.

There is another deficiency in Plaintiff's argument. By commencing this action in the trial court, Plaintiff acknowledged that the trial court had jurisdiction to rule on the issue presented, at least it had jurisdiction to rule in his favor. Yet, once the trial court ruled, Plaintiff proclaimed that the trial court lacked jurisdiction to rule adverse to his claim. Plaintiff's contradictory contention brings to mind an old southern saying, "that dog won't hunt." A party who voluntarily appears in court and who consents to the jurisdiction of the court to conduct the hearing and to adjudicate the issue presented may thereafter be estopped from challenging such jurisdiction. *Beyer v. Le Fevre*, 186 U.S. 114 (1902); *Reynes v. Dumont*, 130 U.S. 354, 395 (1889) (holding that a party who appears in court and consents to a hearing and adjudication of an issue "may be estopped from thereafter and in an appellate court challenging such jurisdiction."). Thus, since Plaintiff commenced this action in the very court he now challenges, and not only participated in the proceedings but asked the court to rule upon the matter in controversy, he is estopped to assert that the trial court lacked jurisdiction.

We find no abuse of discretion by the trial court in denying Rule 60.02 relief. Therefore, the judgment of the trial court is affirmed. This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of appeal are assessed against Plaintiff, John Jay Hooker.

_____
FRANK G. CLEMENT, JR., JUDGE